Erma DeMarco **HALL** (Formerly Erma Thompson DeMarco) on her own behalf and on behalf of all other purchasers of securities issued by Cochise College Park, Inc., Plaintiffs,

v.

**SECURITY PLANNING SERVICE, INC.,** an Arizona corporation, et al., Defendants.

Wallace **PERRY**, as Trustee of Cochise College Park, Inc., Debtor in Cause No. B–72–760–PHX–ED before this Court, Counterclaimant,

v.

Erma DeMarco **HALL** (Formerly Erma Thompson DeMarco) on her own behalf and on behalf of all other purchasers of securities issued by Cochise College Park, Inc., Counterdefendant.

**Civ. No 72–393 PHX–CAM.**

United States District Court,
D. Arizona.

Jan. 23, 1974.

Duecy, Moore, Petsch, Robinson & Bennett by Chas. M. Duecy, Scottsdale, Ariz., for plaintiffs/counterdefendants.

Song, Smoker & Paris, Scottsdale, Ariz., and David W. Adler, Phoenix, Ariz., for defendant/counterclaimant Wallace Perry, Trustee.

Simon & Jekel by Louis G. Jekel, Jr., Scottsdale, Ariz., for defendant/cross-claimant Bemis and others.

Jennings, Strouss & Salmon by John S. Hobbs, Phoenix, Ariz., for defendant Security Planning.

Sheldon Green, Phoenix, Ariz. (now deceased), for defendants Inland Capital and others.

MUECKE, District Judge.

## BACKGROUND

This is a class action brought by Erma DeMarco Hall on behalf of herself and all persons similarly situated who were purchasers of notes payable to Cochise College Park, Inc., secured by mortgages given to Cochise as mortgagee. The notes were given Cochise College Park, Inc. by persons who purchased lots from Cochise College Park, Inc., as partial payment on the lots and were secured by mortgages on the lot sold. Hereafter Cochise College Park, Inc. will be referred to as "COCHISE", "DEBTOR", or "BANKRUPT".

Cochise sold the notes and mortgages to various people throughout the Country. The notes were indorsed by Cochise and assignments of mortgage were made by Cochise to the purchasers of the notes who are the class of plaintiffs herein. There were several thousand transactions.

The mortgages for the most part appear to have been recorded in the county (Cochise) where the lots were located. The assignments for the most part were not recorded prior to June 5, 1972.

Prior to June 5, 1972, it appears that payments on the notes were for the most part made to Cochise College Park, Inc., Computer Graphics, Inc., and Standard Land Title & Trust Agency, and then disbursed to the purchasers of the notes to whom the notes had been indorsed and mortgages assigned.

On June 5, 1972, the United States District Court for the District of Ne-

braska in Civil Action, File No. CV–72–L–121 entitled:—

"SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

vs.

DELL INVESTMENT COMPANY,
DELL MILLER,
COCHISE COLLEGE PARK, INC.,
WILLIAM B. STEUER,
RICHARD CURRAN,
BEMIS INVESTMENT COMPANY,
N. H. LIDENBERG,
STANDARD LAND TITLE & TRUST AGENCY,
ROBERT F. WILLIAMS,

Defendants."

entered its:—

"FINAL JUDGMENT OF PERMANENT INJUNCTION AGAINST DEFENDANTS COCHISE COLLEGE PARK, INC., WILLIAM B. STEUER AND RICHARD CURRAN",

which is fully set forth in "Appendix I" hereof.

On June 5, 1972, creditors of Cochise College Park, Inc. filed an Involuntary Petition in Bankruptcy against Cochise (Cause No. B–72–760 before this Court as a Court of Bankruptcy).

This was followed by a Voluntary Petition by Cochise for Reorganization under Chapter X of the Bankruptcy Act which Petition was granted and Wallace Perry was named Trustee, hereinafter referred to as "TRUSTEE", "PERRY", or "DEFENDANT/COUNTERCLAIMANT".

The Trustee, Perry, promptly sought and obtained an Order from the Bankruptcy Court enjoining the collecting agents, Computer Graphics, Inc. and Standard Land Title & Trust Agency from disbursing the funds paid on the notes and mortgages. The Trustee obtained the injunction on the theory that pursuant to § 70(c) of the Bankruptcy Act the debt belonged to the Trustee rather than to the note purchasers since the assignments of the mortgages securing the notes (individually) had not been recorded prior to the date of filing the Bankruptcy Petition.

The plaintiff filed the original Complaint in this class action on July 19, 1972. The action was brought as a class action under the Securities Act of 1933 and named the alleged promoters as defendants, charging violations of the Securities Act of 1933, the Securities and Exchange Act of 1934 and the Securities Statutes of the State of Arizona. After filing, plaintiffs petitioned the Bankruptcy Court for authority to join the Chapter X Trustee as a party to the class action. The Bankruptcy Court on July 24, 1972, authorized plaintiffs to join Trustee Perry as a defendant for the limited purpose of "determining the rights between the Trustee and the assignees of COCHISE COLLEGE PARK, INC.," mortgages who are the class of plaintiffs herein.

On August 14, 1972, pursuant to Rule 21, Federal Rules of Civil Procedure, this Court by its Order permitted plaintiffs to amend the Complaint, asserting plaintiffs claim to the notes, mortgages and proceeds thereof, and to join Wallace Perry, as Trustee, as a defendant in this class action pursuant to the Order of the Bankruptcy Court, and issued its further Order pursuant to Rule 23, Federal Rules of Civil Procedure, determining that a class action could be maintained and directing that notice of the pendency of the class action be given to all members of the class represented by plaintiff who can be identified through reasonable effort.

On or about the 23rd day of August, 1972, individual Notice approved by this Court and conforming to the requirements of Rule 23, Federal Rules of Civil Procedure, was mailed to all purchasers of notes and mortgages as they could reasonably be identified, whose assignments of mortgage were not recorded prior to June 5, 1972.

All parties named as defendants filed their respective Answers to the Complaint in a timely manner. The defendant, Wallace Perry, filed a Counterclaim as well as Answer and affirmatively asserted and asked Judgment that defendant Wallace Perry as Trustee in the Chapter X Proceedings was entitled to physical possession of the notes and mortgages, subject of the litigation, of all funds previously received thereon, currently being received thereon and all future payments, and if the Counterdefendants (plaintiffs of the class) had transferred or disposed of the notes and mortgages or of any funds received from payments thereon, that they be required to account to the Counterclaimant Perry for such funds.

Plaintiffs' Reply to Counterclaim answered Perry's allegations and asked for Judgment denying Perry the relief he asked for and affirmatively asking, among other things, that the Court give judgment granting the assignees (plaintiffs) of mortgages in which the mortgage had been recorded and the assignments had not, title and possession of the notes and mortgages assigned to them and to all funds previously paid, accrued or paid in the future; that the package, "note, mortgage securing the note and assignment thereof" be determined to be Securities as defined by the Securities Act of 1933, the Securities and Exchange Act of 1934, and the Securities Statutes of the State of Arizona, and that the Court determine and after appropriate hearings, award plaintiffs' Counsel fees and expenses and other proper and necessary costs of administration out of funds, subject of the litigation.

Defendant/counterclaimant PERRY thereafter, on November 3, 1972, moved for a Partial Summary Judgment re Plaintiffs' Complaint and for Summary Judgment on the Counterclaim. Oral argument was requested.

The motion prayed that the Court grant Defendant/counterclaimant a Judgment determining that Wallace Perry, as Trustee of the Debtor in the Chapter X Proceedings, is the owner of the underlying debt, purchase money notes, purchase money mortgages and all funds received thereon after June 5, 1972, and all future payments thereon.

On November 17, 1972, Plaintiffs/counterdefendants filed their Response to Counterclaimant's Motion for Summary Judgment and filed a Counter-motion for Partial Summary Judgment on the Complaint and Summary Judgment on the Counterclaim.

Plaintiffs/counterdefendants' Motion asked for judgment on behalf of the plaintiff class (1) dismissing the Counterclaim of Wallace Perry (Defendant/counterclaimant), (2) granting plaintiffs' (assignees of mortgages) ownership and possession of and right to income from the notes, mortgages and assignments of mortgages, collateral for the payment of the notes; and that the Trustee forthwith do all things necessary to accomplish the mandate of such judgment, (3) that the Court order, adjudge and decree that the described indorsed notes, mortgages and assignments thereof are Securities as defined by the Securities Act of 1933, the Securities and Exchange Act of 1934 and the Securities Statutes of Arizona.

The plaintiffs' Motion also asked for oral argument; that the Court make its Findings of Fact and Conclusions of Law, and that Counsel for the prevailing party be granted reasonable fees and expenses to be paid from the funds, subject of the litigation.

The Court set the date for hearing the above-described Motions of Defendant/counterclaimant and Plaintiffs/counterdefendants for January 15, 1973. Proper Notice of the hearing on the pending Motions were sent to all parties who had appeared in the proceedings.

The Court heard the matter on January 15, 1973. A set of Stipulated Facts,

applying to all Motions set for hearing that day, were signed by all attorneys present and filed in Open Court. There were several other Motions by parties before the Court, all of which were for relief wholly or in part similar to that asked for on behalf of plaintiffs (assignees). All parties were given additional time by the Court until January 22, 1973, to file any and all further pleadings and until January 29, 1973, to file Responses.

Certain defendants filed Objections to plaintiffs' Motion on the "securities issue" to which Responses and supplemental memoranda were filed by plaintiffs. Hearing on this issue was set for March 5, 1973.

On February 20th, the Court referred all pending Motions and all pleadings in response or reply thereto to Referee Edward E. Davis as Special Master pursuant to Rule 53, Federal Rules of Civil Procedure, for the purpose of making recommendations to the Court and directed the March 5th, 1973, hearing on the securities issue be before the Special Master.

Hearings on the securities issue were held before the Special Master Davis on March 5, 1973, and on May 1, 1973, the Special Master made and filed with this Court a Report and Recommendations as to the Motions and matters referred to him.

Thereafter the Court issued its Order approving the Special Master's Report which recommended that (a) the assignees (plaintiffs) were the owners of the notes and mortgages securing the notes unencumbered by any interest of the Trustee Defendant/counterclaimant) and are entitled to all funds accruing thereon or to accrue thereon; (b) that all restraining orders against parties acting as collecting agents for the notes and mortgages, subject of this action be modified to allow collection agencies as soon as practical to disburse funds on hand collected for the assignees and to disburse to assignees all subsequent funds;

(c) that the Trustee recover his costs from Debtor's estate and plaintiffs bear their own costs; (d) that Defendant Wallace Perry's Motion for Partial Summary Judgment on the Plaintiffs' Complaint and for Summary Judgment on the Counterclaim be denied; (e) that Plaintiffs'/counterdefendants' (assignees of class) Motion for Partial Summary Judgment on the Complaint and Summary Judgment on the Counterclaim be granted; (f) that Plaintiffs/counterdefendants Branciforte and Bowman's Motion for Partial Summary Judgment on Complaint and Summary Judgment on the Counterclaim be granted; (g) that Defendants Bemis Investment Co. and N. H. Lidenberg's Cross-Motion for Summary Judgment on Counterclaim be granted; and (h) that Plaintiffs/counterdefendants Earl A. Blackfelner's, et al., assignee, and other assignees similarly situated as reflected in the file, Motion for Summary Judgment on Counterclaim be granted.

The Court further ordered that each prevailing party prepare a Judgment consistent with the Order and that all other parties file their Objections to such proposed Judgments no later than June 15, 1973.

The parties noted in the Special Master's Report and Recommendations whose Motions were considered all filed proposed Judgments.

The proposed Judgment filed by the plaintiff class as represented by Plaintiff Erma DeMarco Hall, was objected to by Defendants Bemis Investment Company and N. H. Lidenberg. Oral argument was not requested. A Response was filed by Counsel for the Plaintiff Class. Other parties not party to any Motion also filed Judgments.

Counsel for Plaintiff Class, Chas. M. Duecy, filed a Petition for fees and expenses to be paid from the fund held by the collecting agents, subject of this litigation, that is determined to be the property of the class he represents pro rated and surcharged among the mem-

**12**

bers of the class and excluding from such surcharge any members of the class who were represented by Counsel who had made an appearance on behalf of such class member.

Hearing on the Fee Petition of Plaintiffs' Counsel was set for July 9, 1973.

Copies of the Petition and Notice of Hearing were sent to all parties of record.

The matter of the Fee Application was referred to the Special Master and the hearing of July 9, 1973, vacated and reset for July 17, 1973, before the Special Master.

No Objections were filed to the Fee Petition.

On August 9, 1973, the Special Master filed with the Court, his—

"ADDENDUM TO REPORT AND RECOMMENDATIONS OF SPECIAL MASTER DATED MAY 1st, 1973,

and

REPORT AND RECOMMENDATIONS OF SPECIAL MASTER AS TO APPLICATION OF PLAINTIFFS COUNSEL FOR AWARD OF FEES AND EXPENSES."

No Objections were filed to the aforesaid Report and Recommendations of the Special Master and on September 5, 1973, entered its Order approving the Special Master's Reports. (See "Appendix II" for Special Master's Report). The Order quashed and vacated this Court's earlier Orders of May 23, 1973 and May 30, 1973, along with any Judgments signed thereto.

The Court now having before it all of the pleadings, arguments and the Reports and Recommendation of the Special Master and being fully advised in the matter,

Does find:—

That the issues involved in all of the Motions, Petition and proceedings that are herein determined are:—

(A) the determination of rights as between the Trustee, WALLACE PERRY, Defendant/counterclaimant and ERMA DeMARCO HALL and the Class she represents, Plaintiffs/Counterdefendants, purchasers of notes indorsed by COCHISE and assignees of COCHISE COLLEGE PARK, INC. mortgages whose assignments were not recorded prior to June 5, 1972, as to the ownership and rights to the notes, mortgages and all funds accrued, accruing or to accrue thereon;

(B) the determination of whether or not the above-described notes, mortgages and assignments thereof are securities as defined by the Securities Act of 1933, the Securities and Exchange Act of 1934, or the Securities Statutes of the State of Arizona; and

(C) the determination of reasonable fees of Counsel for the plaintiff class and the payment of such fees and expenses of Counsel.

As to the issues "A" and "B" above, the Court does find:—

(a) That the Plaintiff/counterdefendant Erma DeMarco Hall and members of the class of plaintiffs she represents and other assignees similarly situated were and are assignees of mortgages securing notes and indorsees of said notes originally executed in favor of Cochise College Park, Inc.

(b) In each transaction the assignee (member of plaintiff class) purchased the note secured by the mortgage and the note was indorsed by Cochise College Park, Inc., and the mortgage was assigned by Cochise College Park, Inc. to the plaintiff/assignee.

(c) In each transaction, subject of this Judgment, the mortgage was recorded in the County wherein the property was located but the assignment was not so recorded prior to June 5, 1972.

(d) The court takes judicial notice of the Defendant/Trustee's recent Report

in the matter of Cochise College Park, Inc., Bankrupt, Cause No. B–72–760–Phx-ED, before this Court and finds that on the 31st day of August, 1973, funds subject to this litigation on accrued payments of notes that are known to said Trustee have accrued and are being held as follows:—

By COMPUTER GRAPHICS, INC. .. $1,127,524.15
By the Trustee ................ $ 614,173.79,

and that on June 7, 1973, the Chapter X Proceeding in which Wallace Perry, Defendant and Counterclaimant herein was Trustee, was dismissed and the Debtor corporation, Cochise College Park, Inc., was declared a bankrupt under the original Petition filed on June 6, 1972; that the First Meeting of Creditors in the said Bankruptcy proceeding was held on September 6, 1973, and the said Wallace Perry was elected Trustee therein by creditors on said date.

(e) The Court takes judicial notice that the funds described in Paragraph (d) above are held pursuant to a Restraining Order obtained by the Trustee Perry out of this Court as a Court of Bankruptcy on the theory that failure to record the assignments of the mortgages securing the notes gave the Chapter X Trustee title to the debt pursuant to § 70(c) of the Bankruptcy Act.

(f) That the Debtor-Bankrupt Cochise College Park, Inc. was in the business of buying raw land, developing it, selling it, taking back Promissory Notes for any unpaid balance due from purchaser. The notes were secured by mortgages on the property sold. The notes secured by mortgages were then sold to various parties throughout the Country.

(g) The Court takes judicial notice of the Reports of the Trustee in the Bankruptcy proceeding and finds that there were between 6,000 and 7,000 transactions by the Bankrupt Cochise College Park, Inc. in which notes and mortgages were executed in favor of the Debtor/Bankrupt Cochise College Park, Inc. and sold to the public.

(h) That prior to the commencement of this action and before the Bankruptcy intervened, the Debtor/Bankrupt held second beneficial interests in various subdivision trusts of land in Cochise County, Arizona. When lots or parcels of land were sold by Cochise, they were released by subdivision trustees upon receipt of requisite release funds and the lots were then conveyed to Cochise College Park, Inc. Thereafter they were sold to property purchasers who were given a deed to the property. The purchasers would execute a Note to Cochise secured by a mortgage on the property for any unpaid balance due on the purchase price.

(i) The notes indicated on their face that they were secured by a mortgage on property sold to the maker.

(j) Cochise College Park, Inc., thereafter sold the Promissory Notes and assigned the mortgages securing the Notes to various parties at prices to the investors of 100% or a discount on the face value of the said Notes.

(k) In each transaction the Note was indorsed by Cochise College Park, Inc. and delivered to the purchaser. The deeds and mortgages were recorded prior to June 5, 1972.

The assignment of the mortgage was executed by Cochise College Park, Inc. and delivered to the note purchasers (plaintiff/assignees herein) but was not recorded prior to June 5, 1972, the date on which the assignor, Cochise College Park, Inc. was declared a bankrupt.

On the issue of determination of rights as between the Trustee (PERRY) and the Plaintiffs (purchasers of notes secured by mortgages, the assignments of which were not recorded prior to June 5, 1972) to said notes and mortgages and all funds accrued, accruing and to accrue, the Court

Does conclude:—

1. Plaintiffs herein have title, ownership and right to possession of the notes, subject of this litigation.

2. The notes are notes as defined by the Uniform Commercial Code, Title 44, Arizona Revised Statutes § 44–2504, and they are negotiable and unconditional pursuant to §§ 44–2505, 44–2512, 44–2519 and 44–2532.

3. The plaintiffs, purchasers of the notes, are holders in due course pursuant to Title 44, Arizona Revised Statutes § 44–2532.

4. Plaintiffs are holders of the notes they have for value pursuant to Title 44, Arizona Revised Statutes § 44–2533.

5. Cochise negotiated the notes to purchasers (plaintiffs) pursuant to Title 44, Arizona Revised Statutes § 44–2524, by indorsement and delivery.

6. Payment on the notes, subject of this litigation, are in default to the plaintiffs, holders in due course thereof.

7. An indorsement of a note creates a contract (unless without recourse) binding indorser to pay the instrument according to its tenor at time of indorsement to holder.

8. The Chapter X Trustee Perry as Trustee for Cochise was bound on the indorser's contract pursuant to Title 44, Arizona Revised Statutes § 44–2551.

9. Property which is not property of a bankrupt estate cannot be administered in a Reorganization Proceeding without consent of the owner of the property.

10. Where a mortgage is recorded in the county in which the property is located prior to bankruptcy (or reorganization) and the mortgage is assigned but the assignment is not recorded prior to bankruptcy in a transaction prior to bankruptcy whereby the note secured by the assigned mortgage is negotiated, indorsed and delivered for value to a holder in due course who is also the assignee, such mortgages are not part of the bankrupt or reorganization estate.

On the issue of whether or not the notes, mortgages and assignments thereof, subject of this litigation, are securities as defined by the Securities Act of 1933, the Securities and Exchange Act of 1934 and the Securities Statutes of the State of Arizona, the Court in addition to the conclusions hereinabove set forth,

Does conclude:—

11. The note, mortgage and assignment of mortgage, subject of this litigation, are securities as defined by the Securities Act of 1933, § 77b(1); the Securities and Exchange Act of 1934, § 78c(a)(10) and Arizona Revised Statutes § 44–1801(13).

12. Cochise was in the business of selling the securities (notes and assigning mortgages securing the same), subject of this litigation, to various investors throughout the Country.

13. The seller, Cochise, by indorsement of the notes guaranteed payment on the security to the investors.

14. The investors (plaintiffs) expected to make money solely on the efforts of others.

15. The securities herein are notes, evidences of debt and investment contract as defined by the statutes hereinabove set forth.

On the matter of the determination and payment of reasonable fees, costs and expenses of Counsel for the plaintiff class, Chas. M. Duecy, the Court

Does find:—

(a) That the facts pleaded by Petitioner, Chas. M. Duecy, setting forth his time diary and the results of his representation, are correct.

(b) That Petitioner has set forth his time properly and fairly used in dealing with the case.

(c) That Petitioner employed the quality and skill of advocacy necessary to meet the complex and difficult situation subject of this Court's Orders of May 23, 1973 as amended on May 30, 1973 and of September 5, 1973.

(d) That the amount of recovery involved and the results of the case as represented by this Court's Orders, are of

real benefit to the class of plaintiffs, his clients, upon entry of a final Judgment in accordance with said Orders.

(e) That the recovery of a reasonable fee is contingent upon the success of his advocacy.

The Court therefore, as to the fee award,

Does conclude:—

16. The fixing of fees in the matter of a class action are equitable and are within the reasonable discretion of the District Court.

17. The award of such fees to successful counsel in a class action are subject to (a) the time reasonably expended by Counsel on the matter, (b) the skill required and employed on the case relative to the intricacy, novelty and complexity of the case, (c) the difficulties of prosecuting the case, (d) the prevailing rates, fees and compensation for Counsel of experience, skill and standing of petitioning Counsel and attorneys and others involved, (e) the skill and resourcefulness of opposing Counsel, (f) the contingent nature of the fees, and (g) the success of Counsel's representation.

18. Fees in cases not fully adjudicated cannot be paid until final entry of Judgment is made on the matters that are adjudicated.

19. Fee awards to plaintiffs' Counsel in a class action are properly chargeable to the fund protected and preserved by the action of plaintiffs' Counsel prorated among the class of plaintiffs as their interest in the fund appears and is not chargeable to defendants unless defendants are liable by contract, agreement or by law. In the instant situation the defendants are not chargeable.

Now, Therefore, in consideration of the foregoing and the Court now finding and determining that this partial Judgment is as to fewer than all the claims or parties and that there is no just reason for delay upon entry of this Judgment as a final Judgment in accordance with Rule 54(a)(b) and (d), Federal Rules of Civil Procedure, it is hereby directed that this Judgment shall be entered as a final Judgment, and it is:—

Ordered, adjudged and decreed:—

I. As to the determination of the rights, vis-a-vis Wallace Perry, as Trustee and the plaintiff class represented by Erma DeMarco Hall, plaintiff, to the notes and proceeds thereof which were sold to plaintiffs by Cochise College Park, Inc. secured by mortgages assigned to plaintiff which secured the notes:—

(a) That the plaintiffs are the owners of the notes and mortgages securing the notes that they purchased and possess which were made in favor of Cochise College Park, Inc. and then sold and delivered to plaintiffs with indorsement by Cochise College Park, Inc. and assignment of mortgage securing the notes.

(b) That the aforesaid notes and mortgages are unencumbered by any interest of Wallace Perry as Trustee in Reorganization Proceeding (now Bankruptcy) No. B–72–760–PHX–ED, United States District Court for the District of Arizona.

(c) That the Defendant/counterclaimant Wallace Perry's Motion for Partial Summary Judgment on Plaintiffs' Complaint and for Summary Judgment on his Counterclaim is denied.

(d) That Plaintiffs'/counterdefendants' Motion for Partial Summary Judgment on the Complaint and Summary Judgment on the Counterclaim is granted.

(e) That plaintiffs are the owners of and entitled to recover all funds held or received by Wallace Perry as Trustee, or others that are proceeds of payments on notes described herein and all future payments thereon. Each plaintiff-note purchaser of the class represented herein shall recover and be paid such funds due him or her upon further Order of this Court following an accounting to this Court by the persons who have collected the note payments and following recordation of their mortgage assign-

ments by plaintiffs as hereinafter provided, and after providing for the surcharge of attorneys fees, costs and expenses as hereinafter provided and surcharge for costs and expenses incurred or to be incurred in accounting and disbursing the accrued funds and future payments.

(f) That said plaintiffs be and hereby are authorized and directed to record the original Assignments of Mortgage securing their Notes in the office of the County Recorder, Cochise County, Arizona, and to send the recording data to plaintiffs' Counsel, Chas. M. Duecy, so he may comply with the mandate of this Judgment.

(g) That plaintiffs' Counsel is hereby ordered and directed to take all steps reasonable and necessary to comply with the mandate of this Judgment in order to transfer and disburse to the proper parties plaintiff all sums received heretofore or hereafter or accrued and undistributed that are due such individual parties after proper surcharge of fees, costs and expenses and after such plaintiffs have furnished him proof of recordation of the Assignment of the mortgage securing each note.

(h) That no disbursements or recording shall be made until after the time for appeal and if an appeal is made, no disbursements or recording shall be made pending the appeal.

II. As to the determination of whether or not the Notes, Mortgages and Assignments thereof which were sold and assigned to plaintiffs are securities:—

(a) That the note and package sold to the plaintiffs consisting of a "note" indorsed by Cochise College Park, Inc., a mortgage securing said note, and an assignment of the mortgage to said purchaser (plaintiff) constitute a "security" as defined by the Securities Act of 1933, the Securities and Exchange Act of 1934, and Title 44, Arizona Revised Statutes § 44–1801 and are not exempt from registration pursuant to any provision of the above-noted Federal Acts or

of the Securities Statutes of the State of Arizona.

III. As to the award of fees, costs and expenses:—

(a) That the Defendant/counterclaimant Wallace Perry, Trustee, recover his costs from the Debtor's Estate in the Reorganization Proceeding No. B–72–760–PHX–ED.

(b) That Chas. M. Duecy, Attorney for the class of plaintiffs, subject of this Judgment, be and hereby is awarded costs herein incurred and attorneys' fees of ten percent (10%) of all funds realized for the benefit of the plaintiff class represented thereby as a result of the finality of this Judgment; said costs and fees shall not be disbursed until time for appeal hereon has passed or if there is an appeal, pending the successful conclusion on behalf of plaintiffs.

(c) That funds held or collected by Wallace Perry, Trustee, or any other persons, that are subject of this Judgment entered in favor of Erma DeMarco Hall and the plaintiff class she represents, shall be surcharged in appropriate proportion for liquidating the costs and attorneys fees and expenses as herein determined and granted after time for appeal is past or following final resolution of any appeal in favor of plaintiffs if there is an appeal. The amount of said surcharge shall be deemed included in and credited to any subsequent judgment rendered in favor of plaintiffs, and no member of the plaintiff class who would be benefited by this Judgment that has appeared personally or by Counsel as provided by Title 28, § 1654, United States Code, and the Rules of this Court prior to August 9, 1973, shall have any sums allowed plaintiffs' Counsel herein for costs and fees pursuant to this Judgment surcharged against sums due such plaintiff; and that such plaintiffs shall bear their own costs.

It is further ordered:—

IV. That when the time for appeal is passed, or upon successful conclusion of an appeal in favor of plaintiffs, if there is an appeal, that plaintiffs' Counsel

mail copies of this Judgment with appropriate instructions to enable that the mandate of this Judgment be satisfied to all members of the class that can be determined through reasonable effort. The costs and expenses of printing and mailing shall be paid out of sums due plaintiffs under this Judgment and shall be prorated proportionately among them.

It is further ordered:—

V. That this Judgment shall be entered forthwith.

APPENDIX "I"

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEBRASKA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | CIVIL ACTION FILE NO. CV–72–L–121 |
| Plaintiff, | |
| —vs— | FINAL JUDGMENT OF PERMANENT INJUNCTION AGAINST DEFENDANTS COCHISE COLLEGE PARK, INC., WILLIAM B. STEUER AND RICHARD CURRAN |
| DELL INVESTMENT COMPANY, DELL MILLER, COCHISE COLLEGE PARK, INC., WILLIAM B. STEUER, RICHARD CURRAN, BEMIS INVESTMENT COMPANY, N. H. LIDENBERG, STANDARD LAND TITLE & TRUST AGENCY, ROBERT F. WILLIAMS, | |
| Defendants. | |

It appearing to the Court that the defendants Cochise College Park, Inc., William B. Steuer and Richard Curran have acknowledged the jurisdiction of this Court over their persons and the subject matter of this action, have waived a trial on the merits of the amended complaint, have waived the making of Findings of Fact and Conclusions of Law, and without admitting or denying the allegations of the amended complaint, have consented to the entry of a final judgment against them as prayed for in the amended complaint permanently enjoining them and their respective officers, directors, agents, servants, employees and those persons in active concert or participation with them who receive actual notice of the order by personal service, or otherwise, and each of them, from engaging in acts and practices which constitute and will constitute violations of Sections 5(a), 5(c) and 17 (a) of the Securities Act of 1933, as amended (15 U.S.C. 77e(a), 77e(c) and 77q(a)), and Section 10(b) of the Securities Exchange Act of 1934, as amended (15 U.S.C. 78j(b)), and Rule 10b–5 thereunder (17 CFR 240.10b–5), and the Court being fully advised in the premises, and there being no just reason for delay:

It is ordered, adjudged and decreed that the defendants Cochise College Park, Inc., William B. Steuer and Richard Curran, their respective officers, directors, agents, servants, employees, attorneys and those persons in active concert or participation with them, and each of them, be and hereby are perma-

nently enjoined, from, directly or indirectly:

(a)(1) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell through the use or medium of any prospectus, or otherwise, securities, namely notes, evidences of indebtedness, guarantees thereof and investment contracts entitled first mortgages on land located in Chochise County, Arizona, or elsewhere, or any other security of any issuer, unless and until a registration statement has been filed with the Securities and Exchange Commission as to such securities;

(2) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell securities, namely notes, evidences of indebtedness, guarantees thereof and investment contracts entitled first mortgages on land located in Cochise County, Arizona, or elsewhere, or any other security of any issuer, through the use or medium of any prospectus, or otherwise, unless and until a registration statement is in effect with the Securities and Exchange Commission as to such securities; or

(3) Carrying such securities or causing them to be carried through the mails or in interstate commerce by any means or instruments of transportation for the purpose of sale or delivery after sale unless and until a registration statement is in effect with the Securities and Exchange Commission as to such securities.

Provided, however, that nothing in the foregoing portion of this injunction shall apply to any security or security transaction which is exempt from the provisions of Section 5 of the Securities Act of 1933, as amended; provided, further, that paragraph (a)(1), (a)(2) and

(a)(3) of this injunction shall not apply to any offer or sale of a security by use of any means or instruments of transportation or communication in interstate commerce or of the mails to foreign nationals in a foreign country when the distribution is effected under circumstances reasonably designed to preclude distribution or redistribution of the securities within, or to nationals of, the United States.

(b) In connection with the offer for sale, sale or offer to purchase, or purchase of securities, namely, notes, evidences of indebtedness, guarantees thereof and investment contracts entitled first mortgages on land located in Cochise County, Arizona, and elsewhere, or in any other security of any issuer, making use of any means or instruments of transportation or communication in interstate commerce, or any instrumentality of interstate commerce, or of the mails, or facilities of a national securities exchange, to employ any device, scheme or artifice to defraud, or to engage in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon any purchaser or seller; or to obtain money or property by means of any untrue statements of material fact or omission to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, including, but not limited to the following:

1. Any recourse relating to the security offered, sold or purchased;

2. Compliance with the applicable laws in connection with the security offered, sold or purchased;

3. Substitution of or assignment of a different security for the security being offered, sold or purchased;

4. Collection of payments on the security being offered, sold or purchased;

5. Remitting funds on the security being offered, sold or purchased;

6. The risk attendant to any security being offered, sold or purchased;

7. The repurchase for cash of any security being offered, sold or purchased;

8. The previous success of the issuer or seller of any security being offered, sold or purchased; and

9. Compliance with the County Recording laws relating to any security being offered, sold or purchased;

or any other statements or omissions of similar purport or object.

It is further provided that paragraph (b) of this injunction shall apply not only in connection with the offer for sale, sale or offer to purchase or purchase of any securities to or from residents of the United States and to or from citizens of the United States but also to or from foreign nationals in a foreign country by use of any means or instruments of transportation or communication in interstate commerce or of the mails even though the distribution is effected under circumstances reasonably designed to preclude distribution or redistribution of the securities within, or to nationals of, the United States.

It is further ordered, adjudged and decreed that Cochise College Park, Inc., William B. Steuer and Richard Curran, and each of them, shall make itself and themselves available to and shall respond to any subpoena or notice to take deposition issued by the United States District Court for the District of Nebraska at the request of the Securities and Exchange Commission or, in the case of a notice to take deposition, issued by the Securities and Exchange Commission, in connection with any aspect of this litigation as if they were still parties to such litigation; no argument or defense shall be interposed by or on behalf of consenting defendants when served with such notice or subpoena that could not be made if such consenting defendants were active parties to the litigation and failure to comply with such notice or subpoena shall constitute contempt of court.

It is expressly directed that this final judgment of permanent injunction shall be entered forthwith.

Dated this 5th day of June, 1972, at Lincoln, Nebraska.

BY THE COURT

(s) Warren K. Urbom

Warren Urbom
United States District Judge

Each of the undersigned defendants acknowledges the jurisdiction of this Court over his person and the subject matter of this action, and waives a trial on the merits of the amended complaint, waives the making of Findings of Fact and Conclusions of Law and each of them agrees to make itself and himself available to and shall respond to any subpoena or notice to take deposition issued by the United States District Court for the District of Nebraska at the request of the Securities and Exchange Commission or, in the case of a notice to take deposition issued by the Securities and Exchange Commission, in connection with any aspect of this litigation as if they were still parties to such litigation, and no argument or defense shall be interposed by or on behalf of consenting defendants when served with such notice or subpoena that could not be made if such consenting defendants were active parties to the litigation and failure to comply with such notice or subpoena shall constitute contempt of court, and without admitting or denying any of the allegation of the amended complaint except for admitting the Court's jurisdiction over their persons and the subject matter of this action consent to the entry of this final judgment of permanent injunction.

COCHISE COLLEGE PARK, INC.

(s)  By Richard Curran                          5/3/72
          Richard Curran, President              Date
(s)  Richard Curran                              5/3/72
          Richard Curran, Individually           Date
(s)  William B. Steuer                           5/31/72
          William B. Steuer, Individually        Date

APPROVED AS TO FORM:

(s)  William G. Campbell                     May 26, 1972
          William G. Campbell                     Date
          Attorney for Defendants
          Kutak Rock Cohen Campbell & Peters
          1700 Woodmen Tower
          Omaha, Nebraska   68102
          (402) 342–7966

(s)  Thomas A. Latta                         May 30, 1972
          Thomas A. Latta                         Date
          Bluemle and Latta
          Suite 400 Financial Center
          3443 North Central Avenue
          Phoenix, Arizona   85012
          (602) 264–4375
          Co-Counsel for Defendants

(s)  Dilworth A. Nebeker                     June 2, 1972
          Dilworth A. Nebeker                     Date
          Attorney for Plaintiff
          Securities and Exchange Commission
          7224 Federal Building
          1961 Stout Street
          Denver, Colorado   80202
          (303) 837–4424

APPENDIX "II"

In the Matter of:

ERMA DeMARCO HALL, et al.,

                              Plaintiffs,

          vs.                                NO. CIV. 72–393–
                                             PHX–CAM
SECURITY PLANNING SERVICE,
INC.,

                              Defendants.

ADDENDUM TO REPORT AND REC-
OMMENDATIONS OF SPECIAL
MASTER DATED MAY 1, 1973

and

REPORT AND RECOMMENDATIONS
OF SPECIAL MASTER AS TO
APPLICATION OF PLAINTIFFS'
COUNSEL FOR AWARD OF
FEES AND EXPENSES

TO: THE HONORABLE C. A.
MUECKE, UNITED STATES DIS-
TRICT JUDGE FOR THE DIS-
TRICT OF ARIZONA:

Referee Edward E. Davis, having
been appointed a Special Master on Feb-
ruary 20, 1973 pursuant to Rule 53, Fed-
eral Rules of Civil Procedure for the
purpose of considering and making rec-
ommendations on the following matters:

(1) Defendant-Trustee WALLACE
PERRY'S Motion for Partial
Summary Judgment on Plain-
tiff's complaint and for Summa-
ry Judgment on Counterclaim.
(Docket Item #328)

(2) Plaintiff-counterdefendant's Mo-
tion for Partial Summary Judg-
ment on Complaint and Summa-
ry Judgment on Counterclaim.
(Docket Item 335)

(3) Plaintiffs - counterdefendants
BRANCIFORTE and BOW-
MAN'S Motion for Partial Sum-
mary Judgment on Complaint
and Summary Judgment on
Counterclaim. (Docket Item
#337)

(4) Defendants BEMIS INVEST-
MENT CO. and N. H. LIDEN-
BERG'S Cross-motion for Sum-
mary Judgment on Counterclaim.
(Docket Item #343)

and on July 10, 1973, the Court pursuant
to its earlier Order of February 20, 1973,
having referred the Petition For Award
of Interim Fees and Expenses for plain-
tiff's Counsel, Docket Entry No. 370,
to the aforesaid Special Master for
the purpose of securing his recommenda-
tions to this Court in disposition of the
matter.

The undersigned Special Master hav-
ing reviewed the record and pleadings in
these proceedings as they relate to the
matters referred to him and having had
hearings before him on the said matters
and having considered the arguments of
Counsel, the facts stipulated and being
otherwise fully advised in the premises
after due deliberation, respectfully re-
ports and recommends to the Court as
follows:

BACKGROUND

A. Hearings after due notice to all
parties were had on the above motions
on the 15th day of January, 1973, before
Judge C. A. Muecke and on the 5th day
of March, 1973, before Edward E. Davis
as Special Master.

B. The hearing on March 5, 1973
concerned itself with the issue of wheth-
er or not the "Notes, Mortgages and As-
signments thereof" constituted "Securi-
ties" as defined by the Securities Acts
and other laws. All parties having
theretofore, on January 15, 1973, been
directed by the Court to file any further
pleading Plaintiff Hall and Defendants
Security Planning Service, et al., were
the only parties filing supplemental
memos.

C. On the 1st day of May, 1973, a
Report and Recommendations by Referee
Edward E. Davis as Special Master con-
cerning the Motions referred to him on
February 20, 1973, was made to the
Court.

D. On May 23, 1973 by Order, as
amended on May 30, 1973, the Court,
finding that no objections had been
made to the Special Master's Report of
May 21, 1973, found that the Report was
well taken and made the Report a part
of the Court's Order. The Order pro-
vided as follows:

"(a) The assignees of Cochise Col-
lege Park, Inc. referred to in the re-
port of the Special Master are the
owners of the purchase money promis-
sory notes they possess and the own-
ers of the purchase money mortgages
securing same, and that same are un-

encumbered by any interest of the Trustee and are entitled to all funds accruing thereon and to accrue thereon.

"(b) All restraining orders heretofore entered by this Court against parties acting as collection agents for Cochise College Park, Inc. or assignees herein on notes and mortgages which were the subject matter of this action are hereby modified to allow said collection agencies to, as soon as practicable, disburse to said assignees herein all funds on hand collected for the benefit of said assignees and to disburse to said assignees all subsequent funds received on said notes and mortgages.

"(c) The Trustee recover his costs incurred in this class action from the debtor's estate, and that plaintiff and other members of plaintiff's alleged class and other assignees similarly situated bear their own costs.

"(d) Defendant Wallace Perry's motion for partial summary judgment on plaintiff's complaint and for summary judgment on counterclaim be denied.

"(e) Plaintiff-counterdefendant's motion for partial summary judgment on complaint and summary judgment on counterclaim be granted.

"(f) Plaintiffs-counterdefendant's Branciforte and Bowman's motion for partial summary judgment on complaint and summary judgment on counterclaim be granted.

"(g) Defendants Bemis Investment Co. and N. H. Lidenberg's cross-motion for summary judgment on counterclaim be granted.

"(h) Plaintiffs-counterdefendants Earl A. Blackfelner, et al., assignee, and other assignees similarly situated, as reflected in the file, motion for summary judgment on counterclaim be granted.

"IT IS FURTHER ORDERED that each prevailing party prepare a judgment consistent with this order, have it approved as to form by all parties, and submit it to this Court not later than June 5, 1973.

"DATED this 23rd day of May, 1973."

E. The prevailing parties prepared and submitted Orders they deemed to be consistent with the Court's Order and Counsel for Erma DeMarco Hall and the Class she represents filed a Petition for "AWARD OF INTERIM FEES AND EXPENSES FOR PLAINTIFFS' COUNSEL" and submitted a proposed form of Judgment consistent with the Court's Order of May 23, 1973 as amended on May 30, 1973.

F. On June 13, 1973, defendants Bemis Investment Company, et al., filed a separate objection to the proposed Judgment submitted by Plaintiff Hall urging that the Special Master's Report of May 1, 1973, did not address itself to the issue of whether or not the Notes and Mortgages, subject matter of the action are "securities" as defined by the Securities Act of 1933, the Securities and Exchange Act of 1934 and the Securities Statutes of the State of Arizona.

G. On the 15th day of June 1973, plaintiff Hall filed her Response to the Bemis objection.

H. On June 25, 1973, notice was sent to all parties as to the hearing on the Petition of plaintiff Hall's Counsel for Fees and Expenses and on July 10, 1973, the Court by its Order referred the Petition for Award of Interim Fees and Expenses for Plaintiff's Counsel to the Special Master to secure his recommendation for disposition of the matter and directed that the hearing on the Petition scheduled for July 9, 1973, be vacated and reset for Tuesday, July 17th, 1973, before the Special Master.

I. No pleadings or objections were filed in regard to the Fee Petition of Plaintiff's Counsel.

J. On hearing the matter of the Fee Petition, the Bankruptcy Trustee, Wallace Perry, appeared by Counsel, David Adler. The defendant Security Planning Service, et al., appeared by Counsel

John Hobbs and Petitioner, Counsel for Plaintiff Hall, appeared for himself.

K. The above motions, petitions and matters having been referred to the Referee, Edward E. Davis as Special Master pursuant to Rule 53, Federal Rules of Civil Procedure, and in accordance with the Orders of this Court of February 20, 1973 and July 10, 1973, the Special Master in consideration of the foregoing, the arguments, pleadings and record before him, and being fully advised in the premises, reports and recommends as follows:—

## MATTERS RELATING TO FEE PETITION OF PLAINTIFFS' COUNSEL

### Findings of Fact

As to the Fee Petition of Plaintiffs' Counsel, there were no written objections filed to the Petition. Counsel for Trustee, Counsel for Defendant Security Planning Service, et al., and petitioning Counsel, Chas. M. Duecy, Counsel for Plaintiffs Hall and the Class Represented Thereby, appeared at the hearing on the Fee Petition before the Special Master on July 17, 1973, and were heard by the Special Master. The Special Master finds as to the Fee Petition:

1. That the facts pleaded by Petitioner setting forth his time diary and the results of his representation are correct.

2. That Petitioner has set forth the time properly and fairly used in dealing with the case.

3. That Petitioner employed the quality and skill of advocacy necessary to meet the complex and difficult situation required to successfully determine the matters subject of this Court's Order of May 23, 1973 as amended on May 30, 1973.

4. That the amount of recovery involved and the results of the case as represented by the Court's Order of May 23, 1973, as amended, are of real benefit to the plaintiffs, his clients, upon entry of a final judgment in accordance with the said order.

5. That the recovery of reasonable fees by plaintiffs' Counsel is contingent upon the success of his advocacy.

### Conclusions of Law and Recommendations of Special Master on Fee Petition of Plaintiffs' Counsel

As to the Fee Petition of Plaintiffs' Counsel, the Special Master concludes:

1. The fixing of fees in the matter of class actions are equitable and are within the reasonable discretion of the District Court.

2. The award of such fees to successful counsel in a class action are subject to (a) the time reasonably expended by counsel on the matter, (b) the skill required and employed on the case relative to the intricacy, novelty and complexity of the case, (c) the difficulties of prosecuting the case, (d) the prevailing rates, fees and compensation for counsel of experience, skill and standing of petitioning counsel and attorneys and others involved, (e) the skill and resourcefulness of opposing counsel, (f) the contingent nature of the fees, and (g) the success of counsel's representation.

3. Fees in cases not fully adjudicated cannot be paid until final entry of judgment is made on the matters that are adjudicated.

4. That fees awarded to plaintiffs' counsel are properly chargeable to the fund protected and preserved by the action of plaintiffs' counsel prorated among the class of plaintiffs benefited thereby as their interest in the fund appears and is not chargeable to defendants.

It is recommended—

(1) That Chas. M. Duecy, Attorney for Plaintiffs and Class he represents be awarded an attorneys fee not to exceed ten percent (10%) of the funds that would be realized for the benefit of the

class action plaintiffs as a result of the finality of Judgment issued in the class action and subject to any appeal thereon.

(2) That the funds held by Computer Graphics and Cochise College Park or its Trustee that would be subject of the Judgment entered in favor of the class action be surcharged in the appropriate proportion for liquidating the attorneys fees here found properly assessed after final resolution of any appeal. The amount of said surcharge shall be deemed included in and credited on any subsequent money judgment rendered.

Respectfully submitted this 9th day of August, 1973.

(s) Edward E. Davis
 Edward E. Davis
 Referee Sitting as Special Master
 Pursuant to Rule 53, F.R.C.P.

APPROVED AS TO FORM:

(s) David W. Adler
 David W. Adler, Esq.
 11 W. Jefferson, Ste 821
 Phoenix, Ariz. 85003
 Attorney for Trustee PERRY

(s) John S. Hobbs ·
 John S. Hobbs, Esq.
 111 W. Monroe
 Phoenix, Ariz. 85003
 Attorney for SECURITY PLANNING SERVICE, INC., et al.

———————◆———————

ADDENDUM TO SPECIAL MASTER'S REPORT AND RECOMMENDATIONS OF MAY 1, 1973

As to the motions and matters heard by the Court on January 15, 1973 and by the Special Master on March 5, 1973, relating to the motions set forth in Docket Items 328, 335, 337 and 343, and noting that Plaintiff Erma DeMarco Hall in her

"RESPONSE TO COUNTERCLAIMANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT;

and

MOTION OF PLAINTIFF/COUNTERDEFENDANT FOR PARTIAL SUMMARY JUDGMENT ON COMPLAINT AND SUMMARY JUDGMENT ON COUNTERCLAIM" (Docket Item 335),

requested that the Court make its Findings of Fact and Conclusions of Law, the undersigned Special Master, having before him all of the record, pleadings and having heard arguments of counsel and being fully advised in the matters, does find and conclude as follows:—

FINDINGS OF FACT

On January 15, 1973, at the hearing before the Court, all parties present and represented by Counsel, stipulated to a set of facts applying to all motions set for hearing (set forth in Docket Items 328, 335, 337 and 343) on January 15, 1973; and filed the said stipulation in Open Court. The said stipulated facts have for the convenience of the Court been numbered and are found by the undersigned Special Master to be the facts and are set forth as follows:—

(1) Defendant/Counterclaimant is the duly qualified, appointed and acting Trustee of Cochise College Park, Inc., Debtor in Cause No. B–72–760–PHX–ED in the United States District Court for the District of Arizona. Counterdefendants are Erma DeMarco Hall and other members of the plaintiff alleged class all of whom were and are assignees of certain notes and mortgages originally executed in favor of Cochise College Park, Inc., herein-

after referred to as "Debtor" or "the Debtor corporation."

(2) The Debtor corporation was in the business of buying raw land, developing it, selling it, taking back a purchase money promissory note and a purchase money mortgage; it would then sell and assign those notes and mortgages to various parties.

(3) Prior to the institution of this action, the Debtor corporation held the interest of a second beneficiary in various subdivision trusts of land in Cochise County, Arizona. As the individual lots or parcels of land in those trusts were sold to purchasers, and upon receipt by the subdivision trustees of the requisite lot or parcel release funds, deeds releasing the property by conveying title to the Debtor corporation were executed by the subdivision trustee. Thereafter, the purchaser would receive a deed from the Debtor corporation and would execute a purchase money promissory note and purchase money mortgage, the latter securing the former with a mortgagee's interest in the realty which was transferred by the transaction.

(4) Each of the promissory notes evidencing the purchase money debt stated that the note was executed and delivered in connection with the purchase of the lot or parcel and that the note was secured by a realty mortgage on that property.

(5) The Debtor corporation would thereafter sell the purchase money promissory notes and purchase money mortgages to various parties. The purchase price to those investors would be a 100% or a discount on the face value of the said purchase money promissory notes and purchase money mortgage.

(6) In each transaction, the purchase money promissory note was endorsed and delivered. The deeds and mortgages were recorded prior to June 5, 1972, however, the assignment of mortgage which was executed was not recorded prior to the date upon which a Chapter X petition was filed by the Debtor corporation, June 5, 1972. It is upon these notes and mortgages and upon all funds received thereon after June 5, 1972, which the Trustee asserts his claim.

## CONCLUSIONS OF LAW

1. The Notes subject of this action are notes as defined by Title 44, Arizona Revised Statutes § 44–2504 and are negotiable and unconditional pursuant to Title 44, A.R.S. §§ 44–2505, 44–2510, 44–2512, 44–2519 and 44–2532.

2. The purchasers (plaintiffs herein who are assignees of mortgages securing the notes) are holders in due course of said notes as provided by Title 44, A.R.S. § 44–2532.

3. The notes described above are secured by mortgages assigned to note purchasers (plaintiffs herein).

4. This Court on July 23, 1968, in the matter of Western Growth Capital Corporation (B–17320–PHX), held in an almost identical situation that as a matter of law and under § 70c of the Bankruptcy Act that a Conditional Sales Contract or purchase money mortgage in such instances wherein the contract or mortgage were recorded in the county in which the property is located prior to date of filing the bankruptcy petition, but the assignment of which was not recorded prior to such date that such mortgages (or contracts) are not part of the Debtor's estate. This is now the law in this jurisdiction and the conclusion of law and the other conclusions pertinent to this situation as set forth at pages 61–66 of this Court's Order of July 23, 1968, in the WESTERN GROWTH matter are adopted as conclusions herein. (Citing pages 61–66 of the aforesaid Court Order).

5. The note and the package sold to the note purchasers (plaintiffs herein) consisting of a note endorsed by Cochise

College Park, Inc., a mortgage securing the said note and an assignment of the mortgage constitute a "Security" as defined by the Securities Act of 1933, the Securities and Exchange Act of 1934 and Title 44, A.R.S. § 44–1801 and are not exempt from registration pursuant to any provisions of the Federal Acts noted above or the Securities Laws of the State of Arizona pursuant to the provisions of such laws.

The Findings of Fact and Conclusions of Law set forth above in this Addendum are made pursuant to Federal Rules of Civil Procedure, Rules 52 and 53(e) in accordance with the plaintiffs' request as set forth in plaintiffs' motions (Docket Item 335) that the Court make its *Findings of Fact* and *Conclusions of Law*.

Respectfully submitted this 9th day of August, 1973.

(s) Edward E. Davis
    Edward E. Davis
    Referee Sitting as Special Master
    Pursuant to Rule 53, F.R.C.P.

APPROVED AS TO FORM:

(s) David W. Adler
    David W. Adler, Esq.
    11 W. Jefferson St., Ste 821
    Phoenix, Arizona   85003
    Attorney for Trustee PERRY

(s) John S. Hobbs
    John S. Hobbs, Esq.
    111 W. Monroe
    Phoenix, Arizona   85003
    Attorney for SECURITY PLAN-
        NING SECURITY, INC., et al.

Copies of the foregoing
mailed this 10th day
of August, 1973.

David W. Adler, Esq.
11 W. Jefferson, Ste 821
Phoenix, Arizona   85003

John S. Hobbs, Esq.
111 W. Monroe
Phoenix, Arizona   85003

Song, Smoker & Paris
6710 E. Camelback Rd., Ste  108
Scottsdale, Arizona   85251

Charles M. Duecy, Esq.
7301 4th Street, Ste  1
Scottsdale, Arizona   85251

Louis G. Jekel, Esq.
4320 No. Scottsdale Rd.
Scottsdale, Arizona   85251

(s) BY Phyllis G. Ward
       Clerk