**Mary E. LITTLE et al.,**
**Plaintiffs-Appellees,**

v.

**FIRST CALIFORNIA COMPANY, a corporation, et al., Defendants-Appellants.**

No. 74-2920.

United States Court of Appeals,
Ninth Circuit.

March 25, 1976.

Richard A. Segal (argued), of Gust, Rosenfeld, Divelbess & Henderson, Phoenix, Ariz., for defendants-appellants.

John F. Banker (argued), San Francisco, Cal., for plaintiffs-appellees.

## OPINION

Before WALLACE and SNEED, Circuit Judges, and CARR,* District Judge.

SNEED, Circuit Judge:

This is the second time this case has come before us. The defendants first sought to take an appeal under 28 U.S.C. § 1291 from the trial judge's certification of class status for plaintiff's action. We dismissed that appeal at oral argument on the basis of *Blackie v. Barrack,* 524 F.2d 891 (9th Cir. 1975), which held that the grant of class action status does not fall within the collateral order exception to the final order rule. *See Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). The question has been certified under 28 U.S.C. § 1292(b) and we have accepted the appeal. We have before us now the merits of the question of class status in this action under the securities laws. We affirm the order provisionally granting class status to the plaintiffs.

*Facts.*

This action was brought by purchasers of subordinated capital notes of the United States National Bank of San Diego. The defendants are the brokers (First California Company), the Valley National Bank of Arizona, and certain individuals. The plaintiffs allege four counts of violations of law connected with the note sale. Count One alleges a violation of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and the rules and regulations promulgated thereunder. Count Two is based upon Section 17 of the Securities Act of 1933, 15 U.S.C. § 77q. Count Three alleges a violation of the regulations of the Comptroller of the Currency. The final count asserts a violation of Arizona law for which pendent jurisdiction is claimed.[1] There are some 35 named plaintiffs with individual claims totaling $274,000. The class numbers about 500 persons and claims some four million dollars in damages. The notes were sold to the public during a two-month period in 1973 and the named plaintiffs seek to represent all buyers of the notes.

Plaintiffs' complaint alleges that the defendants failed to disclose certain facts to the class in connection with the sale of the subordinated notes.[2] They further allege that these facts were material in the sense

---

* Honorable Charles H. Carr, United States District Judge, for the Central District of California, sitting by designation.

Prior to his death, Judge Carr agreed with the disposition achieved by this Opinion. He died prior to the writing of this Opinion and thus cannot concur in the Opinion.

1. We do not have before us any questions relating to the availability of a private cause of action under the regulations of the Comptroller. Neither do we decide the question of the appropriateness of pendent jurisdiction.

2. In particular plaintiffs alleged that:

(a) Defendants The Valley National Bank of Arizona and C. Arnholt Smith carried out a scheme or artifice to make the United States National Bank's financial position as of December 31, 1972, appear to be stronger than it actually was.

(b) Material misrepresentations were made to the Comptroller of the Currency in order to obtain his approval for the original issuance of the Subordinated Notes.

(c) Defendants and each of them participated in and aided and abetted the sale of the Subordinated Notes to members of the general public without the preparation and circulation of an offering circular as is required by the regulations of the Comptroller of the Currency, 12 C.F.R. § 16, all with the intent and purpose of concealing facts which, if disclosed, would have made the sale of such Notes impossible or problematic.

(d) Defendants and each of them omitted to disclose to purchasers of the Subordinated Notes that no offering circular as is required by the regulations of the Comptroller of the Currency, 12 C.F.R. § 16, or any other like document was ever prepared, filed, or otherwise circulated at any time relevant hereto.

(e) Defendants and each of them failed to disclose to purchasers of said Notes that the true legal owner thereof was C. Arnholt Smith, and that he owned a controlling interest in United States National Bank.

(f) Defendants and each of them omitted to disclose to purchasers of the Subordinated Notes that United States National Bank was under investigation by the Comptroller of the Currency and other governmental agencies concerning the improper business practices of said Bank.

(g) Defendants and each of them omitted to disclose to purchasers of the Subordinated Notes that C. Arnholt Smith had jeopardized the solvency of the United States National Bank because the assets of the United States

that no reasonable purchaser would have purchased the notes had he known these facts. Plaintiffs do not allege any right to recover on the basis of any affirmative misrepresentation made by the defendants.

## Provisional Certification.

The issue presented is whether the trial court abused its discretion in giving provisional certification to named plaintiffs to proceed as the class representative. The Supreme Court in *Affiliated Ute Citizens of Utah v. United States,* 406 U.S. 128, 92 S.Ct. 1456, 31 L.Ed.2d 741 (1972), removed positive proof of reliance as a condition of recovery where the facts involve "primarily a failure to disclose." The Court held that in such cases an obligation to disclose and a withholding of a fact, material in the sense that a reasonable investor might have considered them important in making his deci-

sion, are sufficient to establish causation in fact. *Id.* at 153–54, 92 S.Ct. at 1472, 31 L.Ed.2d at 761.

In *Blackie v. Barrack, supra,* this court brought within the scope of *Affiliated Ute* a case in which it was alleged that certain material facts were omitted from annual and interim reports, press releases and SEC filings in the relevant period.[3] These documents contained representations rendered inaccurate by the omissions. In this case, however, we need not go so far. There is no allegation by either plaintiffs or defendants that indicates the existence of any general representations made to purchasers. When looked at from the point of view of the class as a whole, this seems to be not merely a case "involving primarily a failure to disclose" but the *purest* case of an omission. Thus we need not draw a line between a misrepresentation and an omission.[4] In *Blackie,* we allowed the de-

---

National Bank were concentrated in improper and probably uncollectible loans to persons, firms, and entities related to and/or under the direction and control of C. Arnholt Smith. (Plaintiffs' Third Amended Complaint).

3. The *Blackie* court stated an alternative rationale for its holding. Proof of plaintiff's individual reliance is not required in so-called "open market" situations. 524 F.2d at 906. The justification for such a result is that the notion of the plaintiff's own reliance on the deception is totally unrelated to the chain of events which causes plaintiff's damage. "[A] person who trades during the period in question may be harmed by a deception that affects prices and conditions in the relevant market, regardless of whether he has relied on or even heard the deception." *See* Note, *The Reliance Requirement in Private Actions Under SEC Rule 10b–5,* 88 Harv.L.Rev. 584, 592–93 (1975). Thus causation in an open market situation consists in showing that deception affected the market and that damage to the plaintiff resulted. *Id.* Even though *Blackie* nominally allows defendants to rebut causation by a showing of no reliance, it seems to us that such a concession is virtually meaningless, and perhaps nonsensical, in an open market situation. *Blackie,* however, did not decide that everyone who purchased on the open market was injured nor did it hold that any particular measure of damages was invariably proper with respect to those so injured.

4. The categories of "omission" and "misrepresentation" are not mutually exclusive. All mis-

representations are also nondisclosures, at least to the extent that there is a failure to disclose which facts in the representation are not true. Thus, the failure to report an expense item on an income statement, when such a failure is material in the *Affiliated Ute* sense, 406 U.S. at 153–54, 92 S.Ct. at 1472, 31 L.Ed.2d at 761, can be characterized as (a) an omission of a material expense item, (b) a misrepresentation of income or (c) both. There is a true dilemma presented in a case in which there has been a general representation from which material facts are omitted and there is no independent alternative ground, such as an "open market" situation, that justifies dispensing with a requirement that plaintiffs show individual reliance. *See* note 3 *supra.* On the one hand, if individual proof of reliance is required of plaintiffs who have in fact relied to their detriment, but whose claims are not large enough to support the costs of such proof, then these plaintiffs will go uncompensated. On the other hand, if proof of reliance is not required, defendants are forced either to compensate plaintiffs who have not relied and whose harm defendants did not cause or to attempt the difficult, and perhaps impossible, task of rebutting plaintiffs' demonstration of causation by attempting to show no reliance. It is not clear to us that one horn of the dilemma is clearly preferable to the other. But in any event, we feel the conceptual problem should be explicitly recognized as one in which there is no completely just solution. *But see Blackie v. Barrack,* 524 F.2d 891, 905–06 (9th Cir. 1975). Fortunately, we do not have to resolve this issue.

fendants the right to disprove causation as to any and all individual plaintiffs, but stated that this would not be likely to preclude predominance of common questions of law or fact or render the class action unmanageable. 524 F.2d at note 21. We follow the same course here. *See* Note, *The Reliance Requirement in Private Actions Under SEC Rule 10b–5,* 88 Harv.L.Rev. 584, 597–600 and n. 75 (1975).

In addition, it appears that plaintiffs were all purchasers in the original public offering. If this is the case, then it is not necessary to invoke or rely on *Blackie's* analysis of class conflict and the measure of damages. The computation of damages here does not appear to present the difficulties present in *Blackie.*

Without indicating in any way a view with respect to the merits of plaintiffs' claims, we find that there was no abuse of discretion in the certification of this class.

AFFIRMED.