Erma DeMarco **HALL (formerly Erma Thompson DeMarco) on her own behalf and on behalf of all other purchasers of securities issued by Cochise College Park, Inc., Plaintiff,**

v.

**SECURITY PLANNING SERVICES, INC., etc., et al., Defendants.**

**No. Civ. 72–393 Phx. WPC.**

United States District Court, D. Arizona.

July 16, 1976.

Charles M. Duecy, of Duecy, Moore, Petsch, Robinson & Bennett, Scottsdale, Ariz., for plaintiff class.

Richard P. Curran, pro per.

## JUDGMENT

COPPLE, District Judge.

The file in this matter is vast and the instant motion for partial summary judgment as to defendants Richard P. Curran and Inland Capital only is over 900 pages in length. The course of conduct entered into by defendants Richard P. Curran and Inland Capital Corporation is clearly outlined in the record and there are no material disputes of fact as to these defendants. That course of conduct was in direct violation of the securities law of the United States, the securities law of the State of Arizona and of the common law of the State of Arizona.

The undisputed facts in this record reveal the following pattern of fraud and deceit. These defendants developed in the state of Arizona a land development known as Cochise College Park. They conducted a nationwide sales campaign to induce individuals from throughout the world to purchase lots in this development. As a direct adjunct to these sales the defendants discounted and marketed themselves and through others the paper that represented the alleged mortgages and contracts of sale signed by the various lot purchasers. They also discounted and marketed notes and mortgages from other land promoters that operated in this state.

This Court is vested with sole jurisdiction as to the claims under Rule 10b–5 (17 C.F.R. § 240.10b–5), 15 U.S.C. §§ 78j(b) and 78aa. *See, Clark v. Watchie,* 513 F.2d 994 (9th Cir. 1975).

Not only did these defendants fail to register these securities with the Securities and Exchange Commission and the State of Arizona, they also knowingly misrepresented the very nature of the notes and mortgages that they marketed to the plaintiff class. In furtherance of their scheme to defraud, these defendants sold notes on lots that had never in fact been purchased by any real person. They concealed that fraud by making the initial contract payments from the funds provided through the sale of the notes and mortgages at their face value. They conducted the same subterfuge in reference to contracts that were rescinded by the buyers of the lots. In addition to non-existent and rescinding notemakers the defendants themselves became purported lot buyers and makers of the notes in question. All of the above was financed by the defendants, in fact repaying to the note or mortgage holders a small percentage of the capital amount that they invested in those instruments.

In addition to that which is outlined above, the defendants knowingly and materially misrepresented these securities as being secured by realty mortgages. That was not the fact. At the time of the sale of the notes no real property mortgages involved in this action had in fact been recorded on the lots underlying the notes. *Hall v. Security Planning,* 371 F.Supp. 7 (D.Ariz. 1974).

Defendants furthered their fraud by marketing over $20,000,000 in unregistered securities (notes) through secondary agents. These defendants also sold such unregistered securities from other developments in the amount of $3,000,000.

All of these actions were in direct contravention of the securities law of the United States. In particular the defendants have violated and are liable under 15 U.S.C. §§ 77o, 78t and Rule 10b–5 (17 C.F.R. 240.10b–5). These defendants have violated and are liable under A.R.S. §§ 44–1991, 2001, 2003. The actions of these defendants also constituted common law fraud under the laws of this state. *See, Safeway Portland Emp. Fed. Cr. Un. v. Wagner & Co., Inc.,* 501 F.2d 1120 (9th Cir. 1974).

While summary judgment is not the usual order of things in a securities action of this nature, it is warranted in this case. The usual problem is one of scienter, *Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976). The instant record provides ample uncontested proof as to that and all other elements of

such an action as it relates to these defendants. The Court also notes that these defendants have not responded to this motion and have failed to provide the Court with any circumstances that would change the picture this record paints.

■ These defendants' course of conduct was so filled with knowing and wilful fraud that punitive damages are also called for in the instant factual situation. *Price v. Hartford Accident and Indemnity Co.,* 108 Ariz. 485, 502 P.2d 522 (1972); *cf., Goodman v. Poland,* 395 F.Supp. 660 (D.Md.1975).

■■ As noted earlier the Court has also found these defendants liable under A.R.S. § 44–1991. Pursuant to A.R.S. §§ 44–1201, 2001, interest will be charged against these defendants in the amount of 6% a year and attorney's fees are awarded at a rate of 10% as a surcharge of actual damages awarded in the instant action to the plaintiff class.

*Relief*

The parties listed in paragraphs 1 and 2 of this judgment have already demonstrated the amounts in which they were damaged. The remainder of the plaintiff class is awarded partial summary judgment on the question of liability. They must file with this Court proof of damages before they can be awarded same pursuant to this order.

JUDGMENT

IT IS ORDERED, ADJUDGED AND DECREED:

1. That the following-named members of plaintiff class have judgment jointly and severally against defendants Richard P. Curran and Inland Capital Corporation and recover of said defendants the amounts shown on the securities identified by contract number following each plaintiff's name, plus interest at the rate of 6% per annum from June 5, 1972 until paid.

| NAME | CONTRACT NO. | BALANCE DUE |
|---|---|---|
| ARNOLD, Rev. Adam & Ruth | 6963 | $2,884.90 |
| | 7603 | 7,035.92 |
| BALODIMOS, Pelagia M. | 7498 | 3,973.50 |
| BELL, W. | 8055 | 5,751.00 |
| BOOTH, H. & D. | 9125 | 4,418.92 |
| BRYAN, P. | 8788 | 4,710.90 |
| CARLSON, H. | 5329 | 4,654.74 |
| | 5455 | 2,948.69 |
| | 5470 | 3,599.24 |
| CHEAREY (CHERREY),M. & L. | 8659 | 7,796.25 |
| COLLINS, Herman & R. | 6613 | 5,171.04 |
| | 7330 | 5,467.00 |
| CONRAD, P. | 5133 | 4,471.20 |
| CYCOWSKI, J. & M. | 8503 | 3,837.78 |
| | 8506 | 2,856.70 |
| DEPHYSSIER, S. & G. | 6248 | 2,457.60 |
| | 6342 | 2,675.75 |
| | 6344 | 2,761.15 |
| | 6349 | 3,997.38 |
| EGGER, B. & M. | 5861 | 4,528.92 |
| | 5999 | 2,360.56 |

| NAME | CONTRACT NO. | BALANCE DUE |
|------|--------------|-------------|
| ELG, G. & E. | 2139 | $ 950.88 |
| | 2140 | 330.00 |
| | 2142 | 1,007.40 |
| | 2143 | 150.45 |
| | 2154 | 478.20 |
| | 2166 | 738.80 |
| | 2462 | 520.00 |
| FETTMAN, Dov & Sarah | 7655 | 3,192.76 |
| | 7660 | 3,778.40 |
| | 7678 | 3,694.04 |
| | 7683 | 3,970.62 |
| FREAS, H & B | 5570 | 5,792.70 |
| GARAND, E. & J. | 7467 | 2,984.94 |
| | 7469 | 3,015.80 |
| GRABE, E. & B. | 6447 | 3,414.95 |
| GRAHAM, Walter J. | 7398 | 3,873.76 |
| | 7403 | 3,719.98 |
| HAHN, Rosetta | 5271 | 1,249.80 |
| | 5272 | 1,249.80 |
| HALL, Erma | 6108 | 3,923.70 |
| | 6125 | 4,036.90 |
| | 6126 | 4,392.96 |
| | 6681 | 4,960.22 |
| | 6682 | 5,143.50 |
| | 6683 | 5,027.25 |
| HARRIS, R. & A. | 5702 | 5,686.40 |
| HARPER, B. | 7061 | 4,973.44 |
| | 8624 | 5,093.84 |
| | 8677 | 4,731.90 |
| | 8678 | 6,129.80 |
| | 8687 | 4,670.05 |
| | 8723 | 5,050.40 |
| | 8724 | 5,302.92 |
| | 9037 | 7,421.00 |
| JACKSON, S. | 2816 | 26.00 |
| | 2817 | 26.00 |
| | 2928 | 51.34 |
| | 2932 | 1,322.44 |
| | 2951 | 1,281.28 |
| | 3786 | 741.00 |
| | 6824 | 2,164.68 |
| | 8301 | 2,427.60 |
| JONES, D. | 4083 | 2,910.82 |
| | 4145 | 2,295.60 |
| | 4153 | 2,163.24 |
| | 4154 | 2,163.24 |
| | 4167 | 2,666.24 |
| | 4171 | 2,053.60 |
| | 4173 | 1,838.74 |
| | 4181 | 1,701.15 |

| NAME | CONTRACT NO. | BALANCE DUE |
|------|------|------|
| KLINE, F. & M. | 3010 | $1,220.12 |
| | 3988 | 2,585.19 |
| | 4393 | 2,595.60 |
| | 5197 | 2,511.36 |
| | 7122 | 2,852.29 |
| KOBELT, W. & M. | 3668 | 41.16 |
| | 3915 | 2,881.76 |
| | 6262 | 3,721.24 |
| KONAGEL, Estate (Koster) | 5486 | 5,511.86 |
| | 5622 | 701.20 |
| | 5685 | 3,904.48 |
| | 5727 | 5,689.62 |
| | 6115 | 5,812.30 |
| | 6192 | 1,020.60 |
| | 6228 | 9,069.42 |
| | 6399 | 991.24 |
| KRUEGER, J. | 3215 | 2,504.44 |
| | 3217 | 2,379.32 |
| | 3227 | 2,737.41 |
| LARKIN, I. & T. | 7181 | 5,320.14 |
| | 7776 | 4,140.64 |
| | 8360 | 3,536.25 |
| LARROVY, V. & E. | 5929 | 3,460.20 |
| | 5937 | 4,836.52 |
| | 5941 | 2,058.44 |
| LINDBERG, P.. & Ann | 8576 | 4,850.30 |
| MERKLE, C. | 8716 | 2,902.18 |
| | 8725 | 4,346.00 |
| MILEY, I. | 6408 | 1,688.34 |
| MILLER, G. & M. | 7344 | 5,211.32 |
| | 7349 | 3,870.79 |
| | 7351 | 3,870.79 |
| MILLER, R. | 8709 | 4,094.57 |
| MOEHLE, C. | 6764 | 3,108.74 |
| | 6792 | 2,852.40 |
| MORRIS, G. & C. | 6320 | 5,430.00 |
| | 6670 | 5,574.80 |
| MONACELLI, F. & M. | 8387 | 5,031.72 |
| | 8401 | 4,608.40 |
| | 8412 | 4,555.93 |
| MYERS, L. | 4485 | 213.14 |
| O'GRADY, M. | 7565 | 4,089.04 |
| | 7598 | 4,440.59 |
| | 7612 | 3,061.76 |
| O'TOOLE, J. & J. | 7582 | 5,076.24 |

| NAME | CONTRACT NO. | BALANCE DUE |
|---|---|---|
| PERION, Dr. L. & E. | 5468 | $ 3,311.08 |
| | 5567 | 3,601.68 |
| PODANY, R. & H. | 5812 | 958.20 |
| REDDISH, E. & L. | 5270 | 5,003.18 |
| ORHRER, N. & V. | 6166 | 3,286.86 |
| SAMPOGNARO, J. & E. | 4939 | 490.60 |
| | 4953 | 4,206.15 |
| | 5026 | 3,170.64 |
| | 5027 | 3,010.10 |
| | 5028 | 3,194.62 |
| | 5029 | 1,564.88 |
| | 5030 | 1,286.87 |
| | 5031 | 2,354.85 |
| | 5032 | 3,106.03 |
| | 5039 | 827.63 |
| | 5108 | 2,055.12 |
| | 5112 | 1,474.98 |
| | 5114 | 2,074.02 |
| | 5123 | 776.32 |
| | 5330 | 3,928.50 |
| | 5496 | 3,025.80 |
| | 5498 | 1,700.47 |
| | 5501 | 2,249.70 |
| | 5502 | 2,249.70 |
| | 5514 | 3,973.50 |
| | 5720 | 3,267.55 |
| | 6378 | 2,173.50 |
| | 6848 | 2,525.79 |
| | 7583 | 3,564.78 |
| | 7779 | 3,398.46 |
| SCHWAB, Eulah | 7606 | 5,011.16 |
| | 7729 | 8,765.52 |
| SEKAN, E. & E. | 4501 | 3,067.68 |
| | 5370 | 3,600.00 |
| | 5651 | 3,425.30 |
| | 5652 | 3,425.30 |
| | 5730 | 3,495.54 |
| SIMONSON, Carol (Boise) | 7656 | 5,862.20 |
| SIRAVO, P. & E. | 6109 | 734.87 |
| | 6132 | 3,531.75 |
| SLACK, A. & M. | 5844 | 1,914.56 |
| | 6710 | 4,104.00 |
| | 9344 | 2,746.80 |
| SMITH, J. & A. | 8926 | 4,786.61 |
| | 8931 | 4,960.80 |
| | 8932 | 4,738.40 |
| | 8934 | 4,439.80 |
| | 8950 | 3,863.89 |
| | 8951 | 4,215.00 |
| | 8958 | 4,671.27 |

| NAME | CONTRACT NO. | BALANCE DUE |
|------|--------------|-------------|
| SMITH, J. & A. (continued) | 8959 | $5,285.72 |
| | 8963 | 4,802.41 |
| | 8987 | 3,576.27 |
| | 8999 | 4,390.40 |
| | 9023 | 4,099.48 |
| | 9024 | 5,031.72 |
| | 9030 | 4,613.60 |
| | 9036 | 4,668.51 |
| | 9198 | 4,789.77 |
| SONNENFELD, M. | 8064 | 6,425.80 |
| SOTTILE, S. & R. | 5345 | 2,909.40 |
| | 5452 | 1,902.81 |
| SPENCE, E. | 6531 | 2,838.40 |
| | 6627 | 1,901.60 |
| SPILDE PROFIT SHARING TRUST | 4623 | 4,493.92 |
| STREETER, M. & M. | 5458 | 2,938.69 |
| | 5505 | 3,168.85 |
| TANGHE, A. & B. | 7149 | 3,856.44 |
| | 7163 | 7,513.66 |
| | 7164 | 7,611.24 |
| | 7165 | 7,416.08 |
| VECCHIONE, F. & T. | 8390 | 3,414.95 |
| WALKER, E. & M. | 7020 | 4,046.24 |
| WAMBERG, D. & F. | 5400 | 2,286.45 |
| | 5457 | 2,658.96 |
| WEBB, J. & A. | 8512 | 3,444.58 |
| | 8526 | 3,608.10 |
| | 8535 | 3,017.28 |
| WHITE, J. | 7214 | 4,992.00 |
| | 7950 | 3,979.23 |
| | 7951 | 4,021.60 |
| | 8928 | 7,767.12 |
| | 8977 | 4,496.00 |
| | 8998 | 4,478.88 |
| | 9038 | 4,472.16 |
| WITTWER, R. & G. | 6634 | 3,021.47 |
| | 6637 | 1,701.74 |
| | 6640 | 3,595.56 |
| | 6641 | 3,595.56 |
| | 6642 | 3,820.52 |
| | 6644 | 5,171.04 |
| | 6646 | 2,151.80 |
| | 6647 | 3,483.08 |
| | 6649 | 3,115.50 |
| | 6651 | 3,063.40 |
| | 6652 | 2,737.02 |
| | 6653 | 3,855.91 |

| NAME | CONTRACT NO. | BALANCE DUE |
|------|--------------|-------------|
| WOODARD, G. & H. | 5433 | $3,948.40 |
| | 5442 | 2,203.67 |
| | 5444 | 2,675.15 |
| | 5445 | 3,413.70 |
| | 5448 | 1,865.88 |
| | 5451 | 1,910.31 |
| | 5915 | 2,360.05 |
| | 6172 | 867.85 |
| | 9144 | 4,839.68 |
| | Total | $768,397.14 |

2. That the following-named members of plaintiff class have judgment jointly and severally against defendants Richard P. Curran and Inland Capital Corporation and recover of said defendants the amount shown following each plaintiff's name plus interest at the rate of 6% per annum from June 5, 1972 until paid:

| NAME | AMOUNT |
|------|--------|
| A. & G. ECKLES | $2,457.20 |
| M. & M. SELLBERG | 2,403.04 |
| B. & E. JOHNSON | 2,511.36 |
| U. & L. RHEAUME | 2,457.20 |
| W. & H. UPDEGRAFF | 2,511.36 |
| M. HEAD | 2,447.20 |
| BEN DIBBLE | 2,511.36 |
| H. & A. JOY | 2,511.36 |
| CLAIR & CO. | 2,511.36 |
| C. & M. DANDURANT | 2,457.20 |
| H. & G. HORTON | 2,511.36 |
| G. PARKER | 2,457.20 |
| W. M. & R. BROWN | 4,894.85 |
| W. & F. JOOSTEN | 4,894.85 |
| F. & E. FARAGE | 2,511.36 |
| W. & B. NIEHAUS | 2,457.20 |
| J. & G. BUFFALOW | 2,511.36 |
| C. LOUGH | 2,511.36 |
| H. HANSON | 4,894.85 |
| H. LARSON & M. MOBECK | 5,003.18 |
| J. & M. LEHR | 5,003.18 |

| NAME | AMOUNT |
|---|---|
| G. VANDERLUGT, Contract No. 5238 | $5,003.18 |
| G. VANDERLUGT, Contract No. 5239 | 5,003.18 |
| (23 contracts) | |
| Total | $74,435.75 |

3. That the remaining members of the plaintiff class, as has been established by the records of this court, as note purchasers listed on the summary filed with this Court as Docket Item # 920 on or about February 4, 1974 deleting therefrom only those persons who asked to be excluded from the class action and did not subsequently withdraw their exclusion, and including persons who are not identified in Docket # 920 but who filed a request to be included in plaintiff class, have partial summary judgment against defendants Curran and Inland Capital Corp. jointly and severally and recover therefrom the sum representing the total damages to plaintiff class upon further hearings on the issue of damages alone with interest on such sum at the rate of 6% per annum until paid. The members of the plaintiff class shall have judgment as to the costs of the class action to date as delineated in paragraph 4 of this judgment.

4. That as additional damages, the plaintiff class have judgment against Richard P. Curran and Inland Capital Corporation, jointly and severally, and recover therefrom the sum of $826,288.00 as costs of accounting, title searches, counsel fees and receivership costs heretofore incurred or paid by plaintiffs pursuant to this Court's order of November 17, 1972 appointing a receiver and judgment of January 23, 1974, *Hall v. Security Planning Service, Inc.,* 371 F.Supp. 7 (D.Ariz.1974).

5. That plaintiffs have judgment against defendants Richard P. Curran and Inland Capital Corporation, jointly and severally, and recover as exemplary damages the sum of $300,000.

6. That plaintiffs named in paragraphs 1 and 2 of this order have judgment against defendants Richard P. Curran and Inland Capital Corporation, jointly and severally, and recover therefrom as and for attorneys' fees the sum of $84,283.28. In addition to this amount the remaining members of plaintiff class are awarded a 10% surcharge for attorneys' fees for any damages proven in the future pursuant to paragraph 3 of this judgment.

7. That any funds awarded herein and recovered from defendants by the plaintiff class shall be held in trust for a period of one year or until otherwise ordered by this Court. Such funds shall be disbursed at the end of such period in a sum proportionate to the claims proven in this court and shown by the records of Wayne Brown & Co., as of that date. Such funds shall be paid out after surcharge for necessary costs and expenses of disbursement in the amount and manner as may be approved by the Court. Counsel for the plaintiff class shall be allowed 10% of any recovery hereunder until such time as the full amount of attorney's fees herein or heretofore awarded him are paid.

8. Plaintiffs are awarded their additional costs incurred in this action to be taxed to defendants Richard P. Curran and Inland Capital Corporation, jointly and severally, in the manner usually provided for taxing costs in this court in the amount to be approved by the Court upon submission.

9. The Clerk is directed to forthwith enter this judgment as a final judgment in accordance with rule 54(b) F.R.C.P. and to mail copies to all counsel presently of record or presently parties appearing pro per.