Robert C. CAMERON (Appellant) et al., Plaintiffs-Appellants,

v.

E. M. ADAMS & CO., an Oregon Corporation, et al., Defendants-Appellees.

E. M. ADAMS & CO., an Oregon Corporation, et al., Defendants and Third-Party Plaintiffs-Appellees,

v.

TI–LINE, INC. (TI–LINE LIQUIDATING COMPANY), an Oregon Corporation, Third-Party Defendant-Appellee.

E. M. ADAMS & CO., an Oregon Corporation, et al., Defendants and Third-Party Plaintiffs-Appellees,

v.

WHITTAKER CORPORATION, an Oregon Corporation and Titanium Casting Company, a California Corporation, Third-Party Defendants-Appellees.

Rex S. CASEY, Defendant and Third-Party Plaintiff-Appellee,

v.

J. K. WEATHERFORD et al., Third-Party Defendants-Appellees.

Nos. 74–2911, 74–2912.

United States Court of Appeals, Ninth Circuit.

Dec. 8, 1976.

---

Richard L. Sadler (argued), of Keane, Haessler, Harper, Pearlman & Copeland, Portland, Or., for plaintiffs-appellants.

Norman J. Wiener (argued), of Miller, Anderson, Nash, Yerke & Wiener, Portland, Or., for defendants-appellees.

Before MERRILL, WRIGHT and CHOY, Circuit Judges.

CHOY, Circuit Judge:

Plaintiffs, purchasers of common stock of TiLine, Inc., appeal from the district court's decertification of their federal and state securities law claims for maintenance as class actions; entry of judgment for the plaintiffs as individuals on their federal claims against their wishes; dismissal of the pendent state claims; refusal to allow as costs the expense of two depositions; and refusal to allow attorney's fees.

### Background

TiLine was formed in 1967 to manufacture corrosion-resistant valves and fittings by a novel process whereby a titanium liner would be preformed and a body of a less expensive metal cast around it. This process was supposed to be cheaper than extant methods of production. A prospectus and various press releases and advertisements stressed this new process and its potential benefits.

A public offering of TiLine common stock was made to Oregon residents. Some of the named plaintiffs participated in this offering (offer-purchasers class), while other named plaintiffs bought the stock during subsequent over-the-counter trading (after-market-purchasers class). Events did not proceed as well as planned for the company. In 1970, TiLine shareholders approved the sale of TiLine's assets to Whittaker Corporation whereby they received one share of Whittaker stock for every 14.5 shares of TiLine stock. At that point, TiLine stock was selling for ⅛th of the initial offer price.

### Proceedings Below

Plaintiffs filed suit in federal court in December of 1970 as both individuals and class representatives and petitioned for a determination of class status under Fed.R. Civ.P. 23. Suit was based on § 10(b) of the Securities Exchange Act, 15 U.S.C. § 78j(b); 17 C.F.R. § 240.10b–5 (Rule 10b–5); and the Oregon securities law, ORS §§ 59.115 & 59.135. Plaintiffs alleged violations of these laws based upon defendants' alleged omissions of material factual information concerning TiLine. Specifically, the alleged factual omissions were: the TiLine process had not been developed to the point where it could be used in profitable production; TiLine intended to produce traditionally-made valves and fittings to finance research and development of the new casting process; and market studies existed indicating that TiLine would be noncompetitive in terms of price as a producer and marketer of valves made by either the traditional methods or the new TiLine process.

Pursuant to Rule 23(c)(1), which provides for an early determination of class maintainability, defendants moved to deny class status on the ground that common issues of fact or law did not predominate over individual issues.[1] Judge Belloni denied the motion and certified the two classes.

---

1. Plaintiffs contend that their class actions are maintainable in the instant case under Fed.R.

Civ.P. 23(b)(3), which provides in its relevant parts:

**476**

However, on a subsequent motion for reconsideration of class status before Judge Burns, the classes were decertified. Decertification as to the aftermarket-purchasers class was based upon his determination that members of this class had various individual motivations (and therefore various degrees of reliance on the allegedly inaccurate information) for their stock purchases. Thus, Judge Burns concluded that common issues did not predominate. As to the offer-purchasers class, Judge Burns heard testimony from some class members and decided that not all members of this class had relied upon the inaccurate prospectus in deciding to buy TiLine stock. Therefore, the judge found the individual differences in reliance merited decertification of the class. He also indicated in his decertification order that there existed separate issues concerning the compliance of individual class members with the statute of limitations.

On May 15, 1974, after the classes were decertified, the defendants, without admitting liability, tendered $5,500 to the court to cover the named plaintiffs' federal damages, interest, and costs. Defendants then filed a motion for an order to show cause why judgment and satisfaction should not be entered for the plaintiffs and the suit disposed of in this manner.

Following defendants' action, Judge Burns, over plaintiffs' objections, entered judgment in favor of the individual plaintiffs against certain defendants on their federal law claims and dismissed without prejudice their state law claims, including the statutory claim for attorney's fees. The court awarded costs to the plaintiffs in the amount of $183.08, but disallowed plaintiffs' request for $2,120 in costs for their expenses in taking two depositions as the depositions were not used at a trial.

Plaintiffs appeal. We reverse in part, vacate in part and remand.

(b) An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

. . . . .

(3) the court finds that the questions of law or fact common to the members of the class

*Decertification of the Classes*

Judge Burns ruled that since there existed individual questions concerning class members' reliance on the alleged misinformation and compliance with the statute of limitations, issues of a common nature did not predominate over the questions of fact or law affecting only the individual members as required for class certification under Fed.R.Civ.P. 23(b)(3). On this basis, the judge decertified the classes. We disagree.

A. Reliance

In *Blackie v. Barrack*, 524 F.2d 891, 902 (9th Cir. 1975), *cert. denied*, —— U.S. ——, 97 S.Ct. 57, 50 L.Ed.2d 75 (1976), this circuit decided that, in 10b–5 cases, individual issues of reliance do not necessarily impede the finding of a common question as required under Rule 23(b)(3) for class certification. Confronting a question similar to the present one, we held in *Blackie* that the common issue was whether or not the defendants' course of conduct was actionable. We found such a common question to exist when a class of stock purchasers were "allegedly defrauded over a period of time by similar misrepresentations." *Id.* We also held that the question common to all class members was sufficiently predominant to render class action appropriate even though there existed differences in the individuals' positions. We noted our previous ruling in *Harris v. Palm Springs Alpine Estates*, 329 F.2d 909 (9th Cir. 1964):

"Appellees assert that the various investors made payments on the securities at different times and stand in different positions . . . [S]ince the complaint alleges a common course of conduct over the entire period directed against all investors, generally relied upon, and violating common statutory provisions, it sufficiently appears that the questions com-

predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

mon to all investors will be relatively substantial. 329 F.2d at 914."
524 F.2d at 902–03.

█ In the present case, plaintiffs allege that inaccurate information concerning Ti-Line was disseminated generally as a result of defendants' conscious factual omissions and misrepresentations, and that this course of conduct was directed at the purchaser classes which they represent. Plaintiffs argue that their decisions to buy TiLine stock would have been otherwise had they known true information, even though there were differences in the members acquisition of, and reliance on, existing information. The issue of the actionability of defendants' conduct in withholding information is common to all members of the classes and, under our holding in *Blackie*, enables plaintiffs to properly proceed in a class action.[2]

█ The district court erroneously accepted defendants' contention that a class action was improper as the common question could not predominate since there also existed individual issues of reliance on the alleged misinformation. Such individual issues do not affect the actionability of plaintiffs' 10b–5 suit, for individual reliance is not a required element of proof in plaintiffs' case. As the Supreme Court, in discussing a 10b–5 action, stated in *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128, 153–54, 92 S.Ct. 1456, 1472, 31 L.Ed.2d 741 (1971):

> Under the circumstances of this case, involving primarily a failure to disclose, positive proof of reliance is not a prerequisite to recovery. All that is necessary is that the facts withheld be material in the sense that a reasonable investor might have considered them important in the making of this [stock transaction] decision.

This circuit specifically applied the *Affiliated Ute* materiality standard to a 10b–5 class action based on Rule 23(b)(3) in *Blackie, supra*. There, we held that since 10b–5 transactional causation will be found more likely than not if the defendants' factual omissions are shown to be material, the individual differences in class members' reliance on the misinformation do not interfere with the predominance of the common question. Therefore, we held a class action would be proper in such a situation. 524 F.2d at 905–06. In addition, we noted that even if defendants defeated causation with respect to some individual members of the class, the common question would still not be fragmented into various individual ones because the plaintiffs sustained their burden of proof as to causation for the class generally by showing materiality with respect to the omissions. 524 F.2d at 906–08 & n.22.

█ Since plaintiffs here complain primarily of defendants' withholding relevant information concerning TiLine,[3] causation will be established for class certification purposes, following *Blackie*, for all members of the classes if the omissions are shown to be material. Therefore, the existence of individual issues of reliance do not hinder the predominance of the common question, for the actionability of defendants' conduct is based on the materiality of their omissions and not on the individual reliance of the members of the classes on those omissions. Based on the predominance of this common issue, class action is appropriate here for the TiLine stock purchaser classes.

## B. Statute of Limitations

Plaintiffs agree that the two-year Oregon statute of limitations for fraud contained in

---

**2.** *See generally* Note, *Developments in the Law—Class Actions*, 89 Harv.L.Rev. 1318, 1454–58 (1976), for a discussion of the definition of a "common question" for purposes of Rule 23.

**3.** Plaintiffs in their complaint also allege certain factual misrepresentations. However, as this circuit recently noted:

> The categories of "omission" and "misrepresentation" are not mutually exclusive. All misrepresentations are also nondisclosures, at least to the extent that there is a failure to disclosure which facts in the representation are not true.

*Little v. First California Co.*, 532 F.2d 1302, 1304 n.4 (9th Cir. 1976). *See Blackie*, 524 F.2d at 905–06.

ORS § 12.110(1) applies to their present federal action under Rule 10b–5. They argue, however, that this limit did not begin to run until a class member discovered, or in the exercise of reasonable diligence should have discovered, the alleged deceit. Defendants, on the other hand, contend that the individual issues of when each member of the classes discovered, or should have discovered, the alleged omissions prevents the common issues from predominating. Consequently, they argue that class action is inappropriate in the present situation. Plaintiffs respond by arguing that few, if any, class members had any information which would have put them on notice of the fraud more than two years prior to the institution of suit.

■ We hold that the presence of individual issues of compliance with the statute of limitations here does not defeat the predominance of the common questions. This precise problem was recently presented to us in *Williams v. Sinclair*, 529 F.2d 1383, 1386–88 (9th Cir. 1975). There, in reversing the trial court's decertification of a class, we held:

> The existence of a statute of limitations issue does not compel a finding that individual issues predominate over common ones. Given a sufficient nucleus of common questions, the presence of the individual issue of compliance with the statute of limitations has not prevented certification of class actions in securities cases.

*Id.* at 1388. Similarly, our examination of the record in the instant case convinces us that, even if there exists questions of individual compliance with the Oregon statute of limitations, they are not sufficient, on balance, to negate the predominance of the common issues. A class action is here the superior means for a fair and efficient resolution of this controversy. Fed.R.Civ.P. 23(b)(3). The district court was in error in decertifying the classes.

4. Were we not to reinstate the named plaintiffs' class claims, our remand of the class action might, as a practical matter, prove to be a hollow act. Without class claims, the named

*Entry of Judgment on Individual Claims*

■ The district court entered judgment for the named plaintiffs after the classes were decertified and the defendants had tendered the representatives' individual federal damages in full. Since we reverse the decertification of the classes, and the class action is to proceed, the claims of the representatives as class members must be reinstated. *Williams v. Sinclair*, 529 F.2d at 1390. Plaintiffs will be placed in the same position they occupied on the date the classes were erroneously decertified. In light of the named plaintiffs' positions as class members and the absence of any voluntary effort by the representatives to "opt out" of the classes (*see* Fed.R.Civ.P. 23(c)(2)(B)), the post-decertification tender by the defendants to the named plaintiffs cannot satisfy their claims as members of a class.[4]

The judgment entered by the district court for the named plaintiffs is vacated and their claims as members of a class are reinstated.

*Costs*

■ Plaintiffs have appealed the denial of costs of the expense of two of their depositions. As these depositions may yet be used in the reinstated class action, we vacate the denial of costs as premature.

*Pendent Claims Under State Law*

■ The district court dismissed the pendent state law claims after rendering individual judgments on the federal claims. It did not indicate, and we do not find, that the pendent claims were not otherwise properly before the district court. Since we have vacated the individual judgments, reversed the classes' decertifications, and reinstated the representatives' class claims, we hold that the pendent state law claims should also be heard in the federal forum. Plaintiffs' proof for the state law violations will probably be the same as that which will

plaintiffs might not qualify as class representatives and the class action, although now reinstated, might very well lie moribund for want of a champion.

support their federal Rule 10b–5 claims. Therefore, to promote judicial economy and avoid a multiplicity of suits, the federal court which has had this case since December of 1970 should settle the pendent state law claims along with the federal ones. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

We reverse the dismissal of the state law claims, including the dismissal of the claim for attorney's fees under ORS § 59.115(2).

To summarize: We reverse the decertification of the classes and the dismissal of the pendent state law claims; we vacate the denial of deposition costs and the entry of the individual judgments; and we remand the causes to the district court for further proceedings not inconsistent with this opinion.

Reversed in part, Vacated in part and Remanded.