Erma DeMARCO (formerly Erma DeMarco Hall) et al., Plaintiffs,

v.

SECURITY PLANNING SERVICE, INC., et al., Defendants.

No. Civ. 72–393 Phx. WPC.

United States District Court, D. Arizona.

Dec. 13, 1978.

Charles M. Duecy of Duecy, Moore, Petsch, Robinson & Bennett, Scottsdale, Ariz., for plaintiffs.

A. Jerry Busby, of Debus, Busby & Green, Phoenix, Ariz., for defendant.

Dell Miller, in pro per.

## JUDGMENT

COPPLE, District Judge.

Plaintiffs filed their original complaint on July 19, 1972. Shortly thereafter plaintiffs moved for leave to amend their complaint and to maintain the action as a class action. On August 17, 1972, plaintiffs' motion was granted and notice as prescribed by the Court was made pursuant to Rule 23, Fed. R.Civ.P.

The litigation has been actively prosecuted by the parties and several partial, but final judgments have been granted by this

Court. *See Hall v. Security Planning Corp.*, No. Civ. 72–393 (D.Ariz. Sept. 26, 1978)[1]; *Hall v. Security Planning Service, Inc.*, 419 F.Supp. 405 (D.Ariz.1976); *Hall v. Security Planning Service, Inc.*, 371 F.Supp. 7 (D.Ariz.1974).

Following the partial judgment of January 1974, *Hall, supra*, 371 F.Supp. 7, plaintiffs filed their motion for leave to amend their complaint, join additional parties as defendants, and dismiss the bankruptcy trustee as a defendant. On May 6, 1974, the motion for leave to amend was granted in accordance with the proposed Second Amended Complaint.

The defendants Dell Miller, Delores Miller and Dell Investment Company [hereinafter Dell defendants or defendants], against whom this judgment is granted, were served with the Second Amended Complaint on June 7, 1974. Their Answer was filed on August 9, 1974. On January 9, 1975, this Court ordered plaintiffs to file a motion directed toward maintaining this action as a class action under the Second Amended Complaint. The Court on August 22, 1975 denied plaintiffs' motion to proceed with the Second Amended Complaint as a class action as proposed by plaintiffs and granted additional time within which to present to the Court an alternative proposal for proceeding in the form of a Third Amended Complaint or to proceed with the action based on the Second Amended Complaint. The plaintiffs subsequently filed their alternative proposal for proceeding with respect to any claims of the Second Amended Complaint and their proposal for proceeding in the form of a Third Amended Complaint with supporting motions. Notice

was given to all parties and no objections were made to plaintiffs' proposals.

On February 19, 1976, this Court ordered the plaintiffs to file and serve notice if they desired to proceed on the Third Amended Complaint, otherwise to proceed on behalf of the nominal plaintiffs under the Second Amended Complaint. Following this order, the plaintiffs sought to proceed against defendants Dell Miller, Delores Miller and Dell Investment under the Second Amended Complaint and moved to maintain the action as a class action on behalf of an identified sub-class under Rule 23(c)(4), Fed.R.Civ.P. Coupled with this motion was a motion for partial summary judgment against the named defendants.

On March 8, 1978, the Court denied plaintiffs' motion for summary judgment against the Dell defendants under the Second Amended Complaint. The Court further directed that the action could proceed as a class action against the Dell defendants with respect to the federal anti-fraud claims and that the class consist of a sub-class of plaintiffs who purchased Cochise College Park notes from the sales chain established by the Dell defendants, and received written sales material prepared by the Dell defendants.

On April 4, 1978, plaintiffs filed a motion for leave to amend their complaint against the Dell defendants in accordance with a proposed Third Amended Complaint that was submitted. The motion also asked that the parties be permitted to proceed with the second wave of discovery to determine the truth of matters alleged or controverted and to determine the genuineness, correctness and accuracy of documents.[2] Notice

1. Judgment of a sub-class against defendants Marciano Rivera, Carl Tamuty and R & T Investment Co. Reported in 462 F.Supp. 1058.

2. The plaintiffs during the entire proceedings conducted diligent and painstaking discovery and investigation of the Cochise operations. The Court on November 7, 1973 appointed an equity receiver with accountants and title agency with directions to reconstruct the Cochise records as to the sale of its lots, notes and mortgages. Over 12,000 accounts were involved involving sales of over $36,000,000.00 of

notes. The information was computerized. Questionnaires and data information requests were, by the Court's direction, sent to all identifiable lot and note purchasers. Thousands of affidavits as well as certified reports prepared by the accountants (Certified Public Accountant) and land title agency (Transamerica Title Company) have been filed with notice to all parties. They are part of the court records as are the hundreds of pages of responses to discovery with interrogatories and admissions, and verified proof of facts and genuineness and accuracy of documents.

was given to the Dell defendants, and no objection was made to the plaintiffs' motion. On April 24, 1978, this Court granted plaintiffs' motion. The plaintiffs then filed their Third Amended Complaint, and on May 3, 1978, the Third Amended Complaint was served on counsel for defendants Dell Miller, Delores Miller and Dell Investment Company.

On May 30, 1978, defendants Delores Miller and Dell Miller filed their respective answers to the Third Amended Complaint of the Miller sub-class. Defendant Dell Investment Company did not file an answer. On July 28, 1978, plaintiffs moved for entry of partial judgment by default against defendant Dell Investment Company; for sanctions pursuant to Rule 37, Fed.R.Civ.P., against defendants Dell Investment Company and Delores Miller; and for partial judgment on the pleadings or alternatively for summary judgment against all Dell defendants under the Third Amended Complaint.

On October 6, 1978, this Court granted the plaintiffs' motion that all of plaintiffs' requests for admission of defendants Delores Miller and Dell Investment be deemed admitted, and that all of the matters that are the subject of plaintiffs' interrogatories shall be taken to be established as facts for the purpose of this action in accordance with plaintiffs' claims as set forth in their complaint. The plaintiffs' motion that defendants Delores Miller and Dell Investment be prohibited from introducing any evidence concerning the matters deemed admitted by failure to respond to plaintiffs' requests for admission under Rule 36, Fed.R.Civ.P., or deemed established for failure to answer plaintiffs' interrogatories under Rule 37(b)(2)(A), Fed.R.Civ.P., was granted. The plaintiffs' motion for summary judgment against the Dell defendants and for the plaintiffs on Count One of the Third Amended Complaint and on Count Three of the Third Amended Complaint for liability only as controlling persons under 15 U.S.C. § 78t and not on the principle of respondeat superior was also granted. The plaintiffs' motion in all other respects, including the motion for partial summary judgment on Count Two, was denied.

## JURISDICTION AND VENUE

This Court has the sole jurisdiction of claims under § 10 of the Securities and Exchange Act of 1934 (15 U.S.C. § 78j(b)) and Rule 10b–5 (17 C.F.R. § 240.10b–5) promulgated thereunder pursuant to § 27 of the Securities and Exchange Act of 1934 (15 U.S.C. § 78aa). See Clark v. Watchie, 513 F.2d 994 (9th Cir. 1975); Hall v. Security Planning Service, Inc., 419 F.Supp. 405 (D.Ariz.1976).

This Court has pendent and ancillary jurisdiction of plaintiffs' common law claims inasmuch as the federal claim under Rule 10b–5 is the major substantive claim, and it and all of the pendent claims derive from a common nucleus of operative facts and are such that any party would ordinarily be expected to try them in one judicial proceeding. See United Mine Workers of America v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); 13 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3567 at 442–45 (1975).

Venue of this action in the District of Arizona is proper inasmuch as every transaction alleged had a common and direct nexus with Cochise College Park in this district. Each of the transactions involved mailings by the Dell defendants to other defendants in this district and mailings by other defendants directly associated with the Dell defendants to the plaintiff subclass subject of this judgment. The individual transactions were not trivial and all related to the creation of the fraudulent securities by Cochise. See Hilgeman v. National Ins. Co., 547 F.2d 298 (5th Cir. 1977); Warren v. Bokum Resources Corp., 433 F.Supp. 1360 (D.N.M.1977).

## BACKGROUND

The undisputed facts established by the evidence and record disclose the following pattern of fraud and deceit of the Dell defendants in participation with third parties including many other defendants. William Steuer, a defendant, now dead, in the late sixties incorporated Cochise College

Park, Inc. [hereinafter Cochise] under Arizona law. Cochise acquired an equity interest in several thousand acres of barren desert land in southwestern Arizona. Cochise platted real estate subdivisions in the area known as Cochise College Park. Cochise made only minimal off-site improvements such as roads, streets, water, electricity and provided for none of the services or amenities common to residential property. Cochise conducted a nationwide sales campaign to induce individuals from throughout the world to purchase lots in the Cochise subdivisions. The sales were almost all on the installment basis with small downpayments and five to eight-year terms to pay the balance in monthly payments.

Concomitant to the sale of the lots, Cochise marketed by itself and through others, including Dell defendants, the notes purportedly executed by lot purchasers for balances due on lots. These notes were purportedly secured by mortgages and constituted the paper sold to the public.

The Dell defendants in October of 1970, following a visit by defendant Dell Miller to the Cochise operations in Arizona, began selling the notes produced by Cochise. Dell defendants advertised and represented the notes and mortgages emanating from Cochise as "Title Insured First Mortgages," and their sales people as "Bonded Representatives of Dell Investment Company." The notes and mortgages sold by the Dell defendants are non-exempt securities and were not registered as required by law either under the federal or Arizona securities laws. *See Hall v. Security Planning Service, Inc., supra,* 419 F.Supp. 405; *Hall v. Security Planning Service, Inc., supra,* 371 F.Supp. 7.

The Dell defendants continued their sale of the Cochise securities until June of 1972 when Cochise went into reorganization under Chapter X of the Bankruptcy Act. During the period of time the Dell defendants were selling securities supplied by Cochise, they dealt with notes and mortgages from other land promotions that were supplied by Cochise and which were also non-exempt and unregistered securities. The

Dell sales operations were almost nationwide with over five hundred sales representatives in twenty-three states. The sales included the sale of securities to the one-hundred and thirty nominal plaintiffs identified in plaintiffs' motions for judgment.

## OPINION AND LAW

■ Defendants Dell Miller and Delores Miller were controlling persons either as principals, officers, sole stockholders with fifty per cent interest each, or directors of Dell Investment Company, both in its corporate capacity and as a business entity. As such they are liable, both personally and as controlling persons of Dell Investment Company pursuant to § 15 of the Securities Act of 1933 (15 U.S.C. § 77*o*) and § 20(a) of the Securities and Exchange Act of 1934 (15 U.S.C. § 78t(a)). *See Safeway Portland Emp. Fed. Credit Union v. C. H. Wagner & Co., Inc.,* 501 F.2d 1120 (9th Cir. 1974); *Hecht v. Harris, Upham & Co.,* 430 F.2d 1202 (9th Cir. 1970).

■ The use of any manipulative or deceptive device or contrivance in connection with the sale and purchase of any security on a national exchange or otherwise is made unlawful by § 17 of the Securities Act of 1933 (15 U.S.C. § 77q), § 10(b) of the Securities and Exchange Act of 1934 (15 U.S.C. § 78j(b)) and Rule 10b–5 promulgated thereunder. A private civil action for damages lies for violation of the Federal Securities Acts including violation of both §§ 77q(a) and 78j(b) as well as Rule 10b–5. *See Ellis v. Carter,* 291 F.2d 270 (9th Cir. 1961); *Matheson v. Armbrust,* 284 F.2d 670 (9th Cir. 1960); *Errion v. Connell,* 236 F.2d 447 (9th Cir. 1956); *Fratt v. Robinson,* 203 F.2d 627 (9th Cir. 1953). Private claims for damages for violations of §§ 77q and 78j(b) are properly subject to class action treatment. *Little v. First California Co.,* 532 F.2d 1302 (9th Cir. 1976).

■ The record in this case gives ample proof that defendants Delores Miller and Dell Miller personally and through Dell Investment Company knowingly engaged in

manipulative devices and in a scheme, artifice and device to defraud in their sale of the Cochise securities to plaintiffs. In *Safeway, supra,* this Circuit held that two of three persons comprising the directorship and owning ninety-four per cent of the company's stock were liable for the corporation's unlawful acts as controlling persons unless they could show that they had neither knowledge nor reasonable grounds to believe in the existence of the facts on which liability as a controlling person is alleged to exist. A controlling person carries the burden of proving exemption from liability. Such a person cannot rest on mere denials. In the instant case, defendants Dell Miller and Delores Miller have acted as knowledgeable participants in the scheme and have offered no proof to the contrary.

The Dell defendants failed to register the securities that they were selling plaintiffs. They knew that the securities were not registered. They themselves were not registered as salesmen, dealers or agents as required by securities laws and rules. Furthermore, they knowingly and fraudulently represented the nature of the securities they marketed to plaintiffs as well as misrepresenting the character and fiduciary responsibility of their salesmen.

As part of their scheme to defraud the Dell defendants either knowingly and intentionally or, if they were without actual knowledge, wantonly and recklessly made and represented to the public and to plaintiffs untrue and false statements of material facts and omitted to state material facts or omitted to state a material fact necessary to clarify a statement made not misleading. The plaintiffs relied on the information given them by Dell defendants or their agents and had no knowledge of the untruth or omission and could not have known thereof by exercise of reasonable care.

In addition to the above-described false representations and omissions, the Dell defendants, as part of their scheme to defraud, knowingly and intentionally or recklessly and wantonly omitted to tell plaintiffs of material facts that could have been expected to influence the plaintiffs' decision to invest in the securities. *See Nelson v. Serwold,* 576 F.2d 1332 (9th Cir. 1978). Knowledge of these facts would have influenced a reasonable investor's conduct. *See generally, Affiliated Ute Citizens of Utah v. United States,* 406 U.S. 128, 92 S.Ct. 1456, 31 L.Ed.2d 741 (1972).

The elements of fraud are present in the instant case, demonstrated by the evidentiary matter deemed admitted or established in support of the plaintiffs' motions for summary judgment and which established the absence of a genuine issue as to the elements which constitute a prima facie case of a Rule 10b–5 violation. The Dell defendants have not raised any genuine issues of material fact and the evidentiary matter in support of plaintiffs' motion for summary judgment has established the absence of any genuine issue of material fact. *See generally, Dalke v. Upjohn Co.,* 555 F.2d 245, 248 (9th Cir. 1977).

There has been no class certification for Count Two, which alleges that the Dell defendants are liable for having perpetrated a common law fraud upon the plaintiffs. Presumably class certification as to this count is inappropriate because individual questions of law predominate. *See McMerty v. Burtness,* 72 F.R.D. 450, 454 (D.Minn. 1976); *In Re U. S. Financial Securities Litigation,* 64 F.R.D. 443, 455 (S.D.Cal.1974), Count Two and that part of Count Three based on Count Two is therefore dismissed without prejudice.

## FINDINGS

The Dell defendants after October 1970 and up to June 1972 offered and sold securities emanating from Cochise College Park to the public in an amount in excess of two million dollars, which sales included the sales of Cochise securities to the nominal plaintiffs and to other members of plaintiffs' sub-class.

The sales of Cochise securities by the Dell defendants to plaintiffs was by use of the mails, telephones, and other means of communication and transportation in interstate commerce.

Untruths and misleading statements were made to plaintiffs in violation of the Federal Securities Laws by the Dell defendants directly through brochures, letters, pamphlets and other means by mail and by Dell's agents as follows:—

1. That Dell's "Sales Representative" was a "Bonded Representative of Dell Investment Company and is duly authorized to do business within the state."
2. That the Cochise security was a title insured first mortgage.
3. That the investor will "hold all the legal papers, notarized and recorded."
4. That Dell Investment Company did "comply with all State and Federal laws governing the sale of Title Insured First Mortgages."
5. That "Each salesman is cash bonded in the event of theft or defalcation of funds belonging to the company (Dell) or its clients."
6. That all payments on notes "are collected and forwarded to you by a Trust Company."
7. That "Over $10,000,000.00 worth of mortgages have been purchased by our investors and we are proud to report no loss to any investor."
8. That the property subject of the mortgage was "Complete with streets, water, electricity and telephone lines in and paid for."
9. That "We (Dell) comply strictly with the 1933 Securities Act."

In addition to the false statements, misleading statements and untruths made to plaintiffs by Dell defendants, they failed and omitted to tell or advise plaintiffs of the following material facts, the knowledge of which was necessary to avoid misleading plaintiffs and which facts were not reasonably discoverable by plaintiffs and which omitted facts, if known, would have influenced reasonable investors including plaintiffs:—

1. That Dell did not know the truth of any of the matters noted in the preceding subparagraphs.

2. That mortgage investors could not receive 12% annually on their money if the note was paid off early.
3. That the real estate (lot) purportedly mortgaged to secure the note investors purchased was in a desert area without ready access to water, electricity or roads and that after five years of development and sale of over 4,000 lots there were less than twenty houses, no streets, and none of the improvements necessary to support livable homes.
4. That Dell kept 25% or more of the sales price of each note sold.
5. That the Securities and Exchange Commission was investigating Dell Investment Company, Cochise and other defendants in 1970 and 1971 for alleged violations of the Federal Securities Act's anti-fraud provisions.
6. That Dell prior to June of 1972 and while selling Cochise securities was served as a defendant in a suit in federal court in Nebraska by the Securities and Exchange Commission in which Dell was alleged to be in violation of the anti-fraud provisions of the Securities and Exchange Act of 1934 and Rule 10b–5.

The misrepresentations and omissions were made, represented or omitted by the Dell defendants with the intent to defraud or with reckless disregard of the truth. The representations were false and material. The omissions were material in that the undisclosed information would, if known, influence a reasonable investor's decision. The plaintiffs were without knowledge that the representations were false or that there were material omissions of information; furthermore, the plaintiffs had the right to rely on the information and representations furnished them by the Dell defendants. The purpose of the Dell defendants in making the material misrepresentations and omissions was to induce plaintiffs to purchase the Cochise securities. The total damages to all of the sub-class of plaintiffs by reason of the fraud and deceit of the Dell defendants is $2,000,000.00, of which

one hundred and thirty nominal plaintiffs have suffered damages in the amount of $715,545.12.

Finally, this Court expressly finds that there is no just reason for delay in entering this partial judgment as a final judgment.

## CONCLUSION

Based on the above findings, the acts of the Dell defendants were in direct contravention of the securities laws of the United States and in particular § 17 of the Securities Act of 1933 (15 U.S.C. § 77q), § 10(b) of the Securities and Exchange Act of 1934 (15 U.S.C. § 78j(b)), and Rule 10b–5 promulgated thereunder (20 C.F.R. § 240.10b–5).

## RELIEF

The record and defendant Dell Miller's responses to plaintiffs' requests for admission and interrogatories in the first wave of discovery established that the Dell defendants admittedly sold at least $2,000,000.00 of Cochise securities to over 500 persons which include the one hundred and thirty nominal plaintiffs. The nominal plaintiffs, listed in paragraph V–1 of Count One of the Third Amended Complaint, have shown the specific amounts totalling $715,545.12 to which they are entitled as damages caused by the conduct of the Dell defendants in participation with others. Thus, the Dell defendants to the extent of the $2,000,-000.00 are liable to pay damages to the nominal plaintiffs first, and then to other presently unidentified members of plaintiffs' sub-class upon further hearings on the issue of damages alone.

The total taxable costs of this litigation through July 16, 1976 is in the amount of $826,288.00. *See Hall v. Security Planning Service, Inc., supra,* 419 F.Supp. 405. The Dell defendants are liable for these taxable costs along with the other defendants to the extent it remains unrecovered by plaintiffs, and the Dell defendants are further liable to plaintiffs for any costs heretofore or hereafter incurred in this action that have not heretofore been reimbursed to plaintiffs.